Stephanie Louise MUELLER, a minor by Shirley Mueller, next friend, and Shirley Mueller, Respondents,

v.

Erwin Harold JONES, Appellant.

No. 39363.

Missouri Court of Appeals, Eastern District, Division Three.

May 22, 1979.

William W. Brown, St. Louis, for appellant.

Irwin Dubinsky, St. Louis, for respondents.

REINHARD, Presiding Judge.

Action to establish paternity. The trial court determined that defendant was the natural father of plaintiff's twin girls and thereby awarded plaintiff some $4,000 as an offset against her past expenses, as well as weekly child support and attorneys' fees. Defendant appeals the award portion of the judgment.

The evidence demonstrated that plaintiff bore twins out of wedlock on October 15, 1974, and that one of the children died just four days later. Plaintiff was a widow and defendant separated from his wife at the time they began keeping company.

Trial was held on March 3, 1977, and ended with the court declaring defendant father of the minor children. Defendant was directed to pay plaintiff $4,000, that sum to represent plaintiff's lying-in expenses attending the birth of the twins plus her expenses for the care, custody and maintenance of the living child since its birth and the burial expenses of the deceased child; attorneys' fees in the amount of $650; $100 as litigation expenses; $125 for the expense of administering a blood test; and, $25 per week for child support.

On appeal, defendant does not challenge the court's finding of paternity. Instead, he contends that the court's award to plaintiff is "excessive and so glaringly unauthorized by the evidence as to shock the judicial sense of right." He bases this claim on evidence of his own financial condition, but makes no other challenge to the order.

In *R——— v. R———*, 431 S.W.2d 152 (Mo.1968), a paternity suit, the Missouri Supreme Court held that our statutory provisions regarding the rights of parents and their obligation to support, affords an illegitimate child a right to support equal to that of a legitimate child. With this Supreme Court directive in mind, we must next look to our new dissolution law for guidance in the determination of the appropriate amount of support to which a child is entitled. Section 452.340 RSMo Supp.1973, the applicable statute, provides:

> In a proceeding for  .  .  .  dissolution of marriage,  .  .  .  or child support, the court may order either or both parents owing a duty of support to a child  .  .  .  to pay an amount reasonable or necessary for his support  .  .  . .

The statute further provides that the following may be considered in determining the extent of a support obligation:

(1) The father's primary responsibility for support of his child; (2) The financial resources of the child; (3) The financial resources of the custodial parent; (4) The standard of living the child would have enjoyed had the marriage not been dissolved; (5) The physical and emotional condition of the child, and his educational needs; and (6) The financial resources and needs of the non-custodial parent.

Thus, primary responsibility for child support rests with the father, but both parents have a duty to support. *Roberts v. Roberts,* 553 S.W.2d 305[1] (Mo.App.1977). In determining the amount of child support allowable herein, the circuit court should consider the reasonable needs of the child for food, clothing, medical and educational expenses as well as the ability of the father to pay. While the award should not be greater than the father's ability to pay, the court may consider both his present and his past earnings in reaching its decision. *Naeger v. Naeger,* 542 S.W.2d 344[2] (Mo.App. 1976).

The evidence in this case demonstrated that plaintiff, as a waitress, earned $3,900 in 1976. During this same period, defendant, as an auctioneer, earned $8,700 before suffering an injury in September, 1976. The evidence also established that, prior to this suit being filed, defendant owned a house worth $25,000 subject to a $22,500 deed of trust. After plaintiff filed this suit, defendant secured a second deed of trust in favor of his present in-laws for $5,800 and then deeded the property to his present wife. Although defendant testified to having sustained a work-related injury in September, 1976, and was still unable to work at the time of trial, he produced no medical testimony as corroboration. Defendant stated that he received compensation for this injury, which injury did not necessarily affect his career as an auctioneer, but claimed he did not have sufficient funds for either his auctioneering license or bond. He offered no evidence as to his own living expenses. Defendant testified that plaintiff had loaned him and another man $5,000 of which $1,300 remained unpaid.

Defendant does not claim that plaintiff failed to sustain her burden of proof as to the elements of damages she alleged. Neither does he challenge her proof as to the reasonable needs of the child in the award of weekly child support.

Based upon plaintiff's testimony that she expended between $50 and $75 per week for the support of the child and $1,800 for other expenses (birth and funeral) plaintiff offered proof of expenses in excess of $7,500. The award of $4,000 for her past expenses and the allowance of $25 per week child support were well within the evidence and indicates that the court considered the financial condition of both parties, as well as defendant's present physical condition, in making its order. The court properly divided the burden of support between the parties after having considered defendant's ability to pay. We find that the court did not abuse its discretion under the standard of review stated in *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976), and we affirm its judgment.

Defendant also challenges the award of attorneys' fees as being excessive. Plaintiff's proof demonstrated attorneys' fees in excess of $1,000. The allowance of $650 for attorneys' fees and $100 for litigation expenses were, likewise, within the evidence and not an abuse of discretion. The award of attorneys' fees in paternity suits has been clearly established in the case of *Stegemann v. Fauk,* 571 S.W.2d 697[6–7] (Mo.App.1978). Defendant makes no specific complaint of the allocation of the blood test expenses to costs. Further, we deny plaintiff's request to assess a penalty of $1,000 for a "frivolous appeal."

Judgment affirmed.

GUNN and CRIST, JJ., concur.