Alice J. PARKER, et al.,
Plaintiffs-Appellants,

v.

Ronald A. BRUNER,
Defendant-Respondent.

No. 13868.

Missouri Court of Appeals,
Southern District,
Division Three.

June 4, 1985.

---

James E. Reeves, Ward & Reeves, of Caruthersville, for plaintiffs-appellants.

Jimmy D. Collins, Collins & Caldwell, of Memphis, Tenn., John R. Fowlkes, of Caruthersville, for defendant-respondent.

MAUS, Judge.

The trial court entered a judgment in favor of appellant—mother against the respondent as the father of her child born out of wedlock. The judgment was for past accrued child support, expenses for the birth of the child and attorneys fees. By this appeal, the appellant contends the awards for expenses of birth and attorneys fees are inadequate.

Consideration of these contentions requires at least recognition of the epic of legal proceedings involving these parties. The actual records of all those proceedings are not before this court. However, from the records in this action, and by inference and by tacit agreement by the briefs of the parties, the following is a brief outline of those proceedings.

In 1982 the appellant commenced an action against the respondent. The petition upon which that action was pending before trial contained two counts. One count was to establish the respondent's paternity, for birth expenses, child support and attorney fees. The second count was for damages for seduction. On March 15, 1983, the respondent filed an amended answer. In that amended answer, contrary to his prior position, he admitted paternity and his obligation to pay the expenses of birth and child support. The appellant dismissed Count I. On March 22, 1983, upon a jury verdict, a judgment on Count II was entered against the respondent in the amount of $75,000. That judgment was affirmed by this court. *Parker v. Bruner*, 686 S.W.2d 483 (Mo.App.1984). On March 22, 1983, the respondent filed an action (respondent's paternity action) to establish his paternity of the child, the extent of his obligation for child support and to define his right of visitation. It does not appear if this action was filed before or after the verdict and judgment for $75,000. On

April 28, 1983, the appellant filed in the same court an action (appellant's paternity action) to establish paternity, recover the expenses of birth, fix child support and for attorneys fees. By his answer in this action, the respondent admitted an obligation to pay a reasonable sum for child support. However, in contradiction of his amended answer in the seduction action, he denied any obligation to pay the expenses of birth.

On July 20, 1983, the respondent instituted proceedings in bankruptcy. The appellant was listed as a creditor by virtue of the judgment for $75,000. On August 10, 1983, the respondent filed suggestions of bankruptcy in both pending paternity actions. By those suggestions and respondent's answer, it was asserted all actions against the respondent were stayed except for a claim for child support. Nonetheless, by agreement, the actions were heard together on September 2, 1983. Subsequently, they have been treated as consolidated.

Apparently in response to the suggestions of bankruptcy, the trial court severed the issues in the paternity actions. On September 7, 1983, judgment was entered declaring the respondent's paternity, awarding the appellant child support in the amount of $450 per month and granting the respondent limited visitation. The appellant appealed, seeking reversal of the grant of visitation. The judgment was affirmed. *Alice, et al., v. Ronald,* 683 S.W.2d 307 (Mo.App.1984).

On January 16, 1984, an order was entered in the bankruptcy proceedings permitting the appellant to pursue her cause of action for child support, birth expenses and attorneys fees. Then, on April 23, 1984, an order was entered in bankruptcy declaring the indebtedness of the respondent to the appellant accruing or maturing before July 20, 1983, was discharged and such indebtedness accruing or maturing after that date was not discharged.

Thereafter, without any further hearing the court entered the judgment from which the appellant now appeals. That judgment recites: "Now on this 22nd day of June, 1984, the Court having considered the proof adduced, the pleadings, exhibits and records in its file, makes its findings and Order on the remaining issues in these causes consisting of birth expenses, support of the child prior to September 6, 1983, and attorney fees, as follows:...." So far as is pertinent to this appeal, that judgment was for $4,774.14 for expenses of birth, $500 for attorneys fees before July 20, 1983, and $500 after July 20, 1983.

One of the appellant's two points concerns that portion of the judgment for expenses of birth. The trial court determined those expenses to be $6,000. However, the trial court reduced that amount by $1,694.86, representing the amount of those expenses paid by insurance carried by the appellant. The premium for that insurance paid by appellant in the amount of $469 was then added to result in the judgment for $4,774.14. Appellant contends the deduction for the amount of expenses paid by insurance was improper because that deduction violates the collateral source rule.

The collateral source rule is recognized in this state. The following statement of that rule has been quoted with approval. " 'Under the collateral source rule or doctrine, which is a well-established rule in the law of damages, a wrongdoer is not entitled to have the damages to which he is liable reduced by proving that plaintiff has received or will receive compensation or indemnity for the loss from a collateral source, wholly independent of him, or, stated more succinctly, the wrongdoer may not be benefited by collateral payments made to the person he has wronged.... 25 C.J.S. Damages § 99(1), pp. 1101–1102." *Iseminger v. Holden,* 544 S.W.2d 550, 552 (Mo. banc 1976).

The expenses for the birth of a child born out of wedlock may be an element of damages in some tort actions. For example, in an action for seduction. *Boedges v. Dinges,* 428 S.W.2d 930 (Mo. App.1968). However, the right to recover for such expenses in a paternity action is not based upon the father being a tort-feasor. Nor is her cause of action in the

nature of a claim for damages for breach of contract. Compare *Hibbs v. Jeep Corp.*, 666 S.W.2d 792 (Mo.App.1984), cert. denied, —— U.S. ——, 105 S.Ct. 177, 83 L.Ed.2d 111 (1984). Nor does her cause of action present an issue of subrogation. Compare *Wells v. Thomas W. Garland, Inc.*, 39 S.W.2d 409 (Mo.App.1931). The underlying basis alleged for her recovery is paternity. *Mueller v. Jones*, 583 S.W.2d 222 (Mo.App. 1979). In such actions, the obligation of the father has been recognized as a quasi-contractual obligation to the mother for reimbursement for necessary expenditures. *Swanson v. Swanson*, 464 S.W.2d 225 (Mo. 1971); *N.R. v. R.J.D.*, 588 S.W.2d 76 (Mo. App.1979). See also Restatement of Restitution § 80 Amount of Recovery (1937). The collateral source rule is not applicable to that basis for recovery. The appellant's contention to the contrary is without merit.

■ By her other point, the appellant contends the trial court abused its discretion in awarding her attorney's fees in the total amount of $1,000. In this state, the obligation of a father to support a child born out of wedlock was established in *E.M.R. v. G.E.R.*, 431 S.W.2d 152 (Mo. 1968). That obligation rests upon the corresponding obligation of fathers of children born in wedlock. *C.S. v. J.W.*, 514 S.W.2d 848 (Mo.App.1974). Upon that basis, it is recognized that courts have an inherent power to award attorneys fees in an action to establish paternity and fix child support. *W.B.M. v. G.G.M.*, 579 S.W.2d 659 (Mo.App. 1979); *Stegemann v. Fauk*, 571 S.W.2d 697 (Mo.App.1978). In determining the amount of such fees, it is logical to look for guidance to cases awarding attorneys fees in similar proceedings in respect to children born in wedlock. Compare *Mueller v. Jones*, supra.

■ By these cases it is established that two of the factors to be considered are the need of the appellant and the ability of the respondent to pay. The record presents evidence of the need of appellant. During the hearing, the respondent objected to the introduction of evidence of his earnings. He did so upon a stipulation he had the necessary financial resources to pay child support. He further stipulated his income was $10,000 per month when the corporation could pay it. Further, without objection, the trial court agreed to take notice of the record in the seduction action. In that action, there was evidence his annual income was $285,000. The fees to be awarded to the appellant could not properly be restricted by the respondent's ability to pay.

■ From the record, it is obvious counsel has represented the appellant with diligence and fervor. It is equally obvious that not all of counsel's efforts can be considered in determining the award of attorneys fees in the paternity action. Unfortunately, the record contains no testimony concerning the time devoted to each aspect of this legal epic. Nor is there any testimony of the value of such services. Nevertheless, an award of attorneys fees may be properly made in the absence of such evidence. *Nelson v. Hotchkiss*, 601 S.W.2d 14 (Mo. banc 1980); *Gambino v. Gambino*, 636 S.W.2d 81 (Mo.App.1982). The most crucial deficiency in this record is the absence of some indication of what services the trial court considered in fixing those fees.

The respondent argues the only issue in the hearing was the birth expenses. Relying upon *McNulty v. Heitman*, 600 S.W.2d 168 (Mo.App.1980), he contends no fees should have been allowed. It does not appear that the authority of the latter case has been examined. Moreover, the issues were not so confined. The hearing did result in a declaration of paternity and a judgment of record for child support. That judgment was for $450 per month, an increase over the $250 per month the respondent had been paying in the absence of a court order.

It is clear those payments, and the respondent's acknowledgment of paternity were not wholly voluntary. When the appellant's count for paternity was pending with the seduction action, the respondent initially denied paternity. The docket reflects that acknowledgment came only a

few days before trial and after intense legal work. It does not appear that the trial court was presented with the issue of whether or not attorneys services resulting in the paternity acknowledgment should be considered in the pending paternity action.

The pending action directly required the preparation of the petition. Certainly, some trial preparation was involved. The hearing generated a transcript of 179 pages. Also, it must be recognized the proceeding presented legal questions not routinely encountered.

An appellate court may properly determine the value of legal services and fix attorneys fees. *Kays v. Curtis*, 648 S.W.2d 901 (Mo.App.1983). Upon careful consideration of the factors involved, it is determined the award of $1,000 is inadequate to such an extent as to constitute an abuse of discretion. The duty of this court to dispose of the case presupposes an adequate record. *Searcy v. Searcy*, 658 S.W.2d 931 (Mo.App.1983). While the record demonstrates that inadequacy, it also demonstrates that issues necessarily involved in determining such fees were not developed in the record. The amount to be awarded the appellant for her attorney's fees may be more properly determined if that issue is more fully developed upon remand. *Winters v. Winters*, 617 S.W.2d 585, 591 (Mo.App.1981). Compare *Searcy v. Searcy*, supra.

By his brief, the respondent presents three points whereby he seeks to establish the trial court erred. A respondent may attack erroneous rulings of a trial court for the purpose of sustaining a judgment in his favor. *Martin v. Fulton Iron Works Co.*, 640 S.W.2d 491 (Mo.App. 1982). However, generally "[w]hen only one party appeals from a judgment, review is limited to the contentions made by him, and allegations of error raised by respondent will not be considered." *Jones v. Anderson*, 618 S.W.2d 252, 259 (Mo.App.1981). The three points of respondent are denied. The judgment for the expenses of birth and child support is affirmed. The judgment for attorneys fees is reversed and the cause is remanded for the determination of attorneys fees to be awarded the appellant. *Raines v. Raines*, 583 S.W.2d 564 (Mo.App. 1979).

CROW, P.J., PREWITT, C.J., and TITUS and FLANIGAN, JJ. concur.