**MARTHA'S HANDS, LLC, Appellant,**

v.

**Steven ROTHMAN, Respondent.**

**No. ED 94341.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 2010.

Michael D. Quinlan, Quinlan Law Firm, St. Louis, MO, for Appellant.

William Higley, The Higley Law Group, LLC, St. Louis, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

### Introduction

Steven Rothman (Steven)[1] signed an agreement with Martha's Hands, LLC (Martha's Hands) for provision of home health care services for his father, Ronald Rothman (Ronald). After Ronald's death, Steven and his sister Robin Prywitch (Robin), paid two-thirds of the outstanding balance due Martha's Hands for its services. Although one-third of the balance remained unpaid, Steven and Robin claimed this portion of the bill was the responsibility of their half-sister, Courtney Rothman (Courtney). Martha's Hands filed suit against Steven alleging breach of contract, seeking payment for the one-third remaining balance, interest accrued on the balance, litigation costs, and attorney's fees. Shortly prior to trial Courtney paid the remaining one-third of the balance, and the case proceeded to a bench trial on the issues of interest, costs, and

---

1. Meaning no disrespect to the parties, we refer to the Rothmans by their first names for simplicity and to avoid unnecessary confusion.

attorney's fees. The trial court ruled in favor of Steven, and against Martha's Hands. Martha's Hands appeals, claiming the trial court's rulings are against the weight of the evidence. We reverse the trial court's ruling on the denial of a portion of the interest sought by Martha's Hands and the denial of costs and attorney's fees. We remand to the trial court for a determination of the amount of costs and attorney's fees and for a determination of liability under Steven's third-party claim against Courtney. We affirm as to the trial court's denial of a portion of the interest sought by Martha's Hands.

## Background

The following facts, unless otherwise noted, were not disputed at trial. Martha's Hands entered into a Private Duty Home Health Services Agreement (the Agreement) whereby Martha's Hands was to provide private duty health care services to Ronald. While Steven disputes he was a party to the Agreement, Steven was named as, and signed as, "Responsible Party" on the Agreement. Steven also was named as the "Person Responsible for Bill" on the client payment information portion of the Agreement, and also signed that form as the "Responsible Party."

The client payment information form executed with the Agreement provided that:
A delinquent charge of 1½ % per month will be charged on all overdue accounts. Services may be terminated if account is more than 30 days past due. If this account is collected by a collection agency or an attorney by suit or otherwise, the undersigned below agrees to pay all collection and attorney's fees.

Martha's Hands provided home health care services for Ronald until his death on September 5, 2007. After Ronald's death, Steven contacted Martha's Hands to obtain a bill for the amount owed.

As of November 1, 2007, Martha's Hands was owed $27,597.28 for services provided to Ronald. On November 2, 2007, Martha's Hands received two separate checks for $9,199.09 each, one check from Steven and one check from his sister Robin. These payments satisfied two-thirds of the amount owed, leaving a $9,199.10 outstanding balance. Steven and Robin contended the remaining balance was the responsibility of their half-sister, Courtney.

In order to collect the remaining $9,199.10 balance, Martha's Hands filed suit in January 2009, against Steven, as the responsible party to the Agreement. In its petition, Martha's Hands sought to recover as damages the balance due, plus interest, costs of collection, and attorney's fees. Steven filed a counterclaim against Martha's Hands, listing several allegations of misconduct by employees of Martha's Hands. Steven also filed a third-party petition against Courtney, seeking contribution and indemnification.

On November 29, 2009, just days before trial, Courtney delivered a check for the remaining balance to Martha's Hands. Courtney then moved for a continuance of the December 2nd trial date. The continuance was granted and the trial was reset for January 4, 2010.

At the January 4, 2010 bench trial, the remaining issues left to be resolved by the trial court were liability for interest, costs, and attorney's fees. Martha's Hands presented evidence from Steven and Andrew Huber (Huber), general manager of Martha's Hands. The trial court also heard evidence regarding Steven's counterclaim against Martha's Hands and his third-party petition against Courtney. At the close of Steven's evidence in his counterclaim, Martha's Hands moved for a dismissal of

the counterclaim, which the trial court granted.

The trial court entered the following judgment on January 28, 2010:

> The Court finds [Martha's Hands] has not proven by a preponderance of the evidence the allegations in the petition with regards to the accrual of interest. At the time of trial the parties agreed the principal sum contained in the petition had been paid to [Martha's Hands]. At the time of trial the only monetary amounts in controversy under the petition were the accrual of interest, court costs and attorney's fees. Therefore, the Court enters its judgment in favor of [Steven] and against [Martha's Hands].

In its judgment, the trial court also noted that it did not reach the issue of Steven's third-party claim because the trial court did not find Steven liable for any damages. The trial court also reaffirmed the dismissal of Steven's counterclaim and ordered the parties responsible for their own attorney's fees and costs.

Martha's Hands filed a Notice of Appeal and this appeal follows.

## Points on Appeal

Martha's Hands presents three points on appeal. In its first point, Martha's Hands claims the trial court erred in failing to enter judgment in its favor on its breach of contract claim. Second, Martha's Hands alleges the trial court erred in finding that it failed to prove its interest damages. Third, Martha's Hands claims the trial court erred in failing to award it damages for collection expenses and attorney's fees.

## Standard of Review

■ We review the trial court's judgment under the well-established principles set forth by the Missouri Supreme Court in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). According to *Murphy*, an appellate court will sustain the judgment of the trial court, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.*

## Discussion

As an initial matter, the trial court's judgment here presents a special challenge on appeal as it contains no specific findings of fact or conclusions of law. Instead, the trial court simply stated that Martha's Hands failed to prove its allegations regarding interest by a preponderance of the evidence, and then entered judgment in favor of Steven. The judgment fails to specifically address Martha's Hands's claim for breach of contract or its contract-based demand for costs and attorney's fees. While this simple judgment is legally permissible, it makes review especially challenging.

Typically on appellate review, this Court defers to the trial court's specific findings of fact, however here the trial court did not enter any findings of fact. In bench tried cases such as this, Rule 73.01 mandates that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." While we therefore review any factual issues in accordance with the trial court's conclusion, a vast majority of the facts in this case were undisputed. *See Delgado v. Mitchell*, 55 S.W.3d 508, 512 (Mo.App. S.D.2001).

Our review of the record, viewing the facts in accordance with the trial court's

judgment, shows that a portion of the trial court's ruling is clearly against the weight of the evidence. First, it is clear from the record that any judgment denying Martha's Hands's claim for breach of contract or its demand for costs and attorney's fees is against the weight of the evidence. In addition, the trial court's ruling on Martha's Hands's claims for interest owed under the Agreement is also against the weight of the evidence with regard to one of the claims. While evidence supports the trial court's denial of one of Martha Hands's claims for interest, a separate undisputed calculation of interest owed to Martha Hands was admitted into evidence, and thus the denial of this claim for interest was against the weight of the evidence.

## I. Breach of Contract

■ In its initial point on appeal, Martha's Hands claims the trial court erred in failing to enter judgment in its favor on its claim for breach of contract. In making this argument, Martha's Hands alleges that Steven signed the Agreement as the "Responsible Party," thereby agreeing "to pay all charges billed for services provided," services were provided for which Steven failed to pay, and Martha's Hands suffered damages accordingly. Our review of the record shows these allegations are supported by undisputed evidence. Accordingly, the trial court's judgment is against the weight of the evidence on the claim for breach of contract.

■ The essential elements of a breach of contract action include: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff. *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010). The undisputed evidence presented at trial supports each of these elements.

Evidence of the existence and terms of the Agreement was presented both by admission of the Agreement into evidence and through Steven's testimony. The written Agreement was entered into evidence as "Plaintiff's Exhibit 1." The Agreement contained Steven's signature above the line for "Signature of Responsible Party." Also, "Steven Rothman/son" was written above the line for "Print Name of Responsible Party/Relationship." The third page of the Agreement contained client payment information which listed Steven as the "Person Responsible for Bill" and where Steven signed as "Signature of Responsible Party." The Agreement contained the entire terms of the contract. In addition to the written Agreement that was admitted into evidence at trial, Steven testified at trial that he contracted with Martha's Hands, although he alleged he entered into the Agreement along with his father. Steven acknowledged at trial that he signed in all the places on the Agreement where his signature was located. Although Steven claims to have signed the Agreement on behalf of his father, the terms of the Agreement are unambiguous and clear. Nowhere on the face of the Agreement does Steven indicate that he is signing the Agreement "for" Ronald or otherwise indicate he is not the responsible party. To the contrary, Steven knowingly signed his name as the "Responsible Party." The undisputed evidence presented at trial established the existence and terms of the contract.

■ The second element, that Martha's Hands performed pursuant to the contact, was also undisputed at trial. Steven testified at trial that Martha's Hands provided services to him and his father. Steven did not dispute that Martha's Hands was owed

approximately $27,600 under the Agreement after his father's death. Steven also confirmed that he was not disputing that the services reflected in the invoices billed to Steven were provided by Martha's Hands.

■ Regarding the third element, breach of contract by the defendant, the evidence was undisputed that at least one-third of the amount owed to Martha's Hands under the Agreement was not paid until November 29, 2009, more than two years after Martha's Hands billed Steven for the services provided. The evidence was undisputed that the substantial delay in payment for these services constituted a breach of the Agreement.

■ Finally, with regard to damages, evidence was presented that Martha's Hands was not paid the total amount owed it until more than two years had passed from the date of Ronald's death, or the last date of service. Important to our analysis of damages are the provisions of the Agreement that provide for interest to be charged on all overdue accounts, and for the payment of collection and attorney's fees should the account be collected by an attorney, by suit or otherwise. Clear and undisputed evidence was presented at trial of these damages.

The undisputed evidence at trial established each of the four essential elements to prevail on a claim for breach of contract. The trial court's ruling to the contrary is against the weight of the evidence. We therefore reverse the trial court's judgment with regard to Martha's Hands's claim for breach of contract, and remand this issue to the trial court for the entry of a judgment in accordance with this opinion.

Martha's Hand's first point on appeal is granted.

## II. Interest Calculations

In its second point on appeal, Martha's Hands claims the trial court erred in finding that Martha's Hands failed to prove its interest damages under the Agreement because this finding is against the weight of the evidence. Martha's Hands argues that testimony regarding the amount of interest was introduced without objection, that no contrary evidence was adduced with regard to the interest, and that the undisputed evidence before the trial court was independently verifiable by mathematical calculations. We note from the record that Martha's Hands introduced evidence of distinct calculations for two separate periods for which it is claiming interest. We agree that the trial court's judgment was against the weight of the evidence with regard to one of Martha's Hands's claims of interest, but affirm the trial court's ruling with regard to Martha's Hands's second claim of interest.

■ A party claiming damages for breach of contract bears the burden of proving the existence and amount of damages with reasonable certainty. *Delgado*, 55 S.W.3d at 512. Not only is proof required of actual facts presenting a basis for a rational estimate of damages, without resorting to speculation, but the cause of the damage must also be proven with reasonable certainty. *Id.*

Although the petition states only that Martha Hands seeks to recover interest on the amounts owed under the Agreement, the evidence at trial was not disputed that Martha's Hands sought to recover interest for two distinct periods of time. At trial, Martha's Hands presented evidence of two separate interest calculations. The "first interest" was calculated on the initial overdue balance of approximately $26, 597.28, two-thirds of which was paid by Steven and Robin on November 2, 2007. This interest was calculated from the date of

the individual invoices for services provided through only November 1, 2007. The "second interest" for which Martha's Hands sought recovery was interest on the remaining $9,199.10 balance from November 2, 2007 through November 29, 2009, when the final one-third of the principal was paid. We hold that the trial court did not err in denying recovery of the first interest. However, the trial court's judgment denying the award of the second interest claim to Martha's Hands was error as such judgment was clearly against the weight of the evidence.

## A. "First Interest"

■ Martha's Hands claims it is owed $1,132.66 in interest calculated on the full outstanding balance of $27,597.28 owed as of November 1, 2007. At trial, the testimony regarding this interest calculation was confusing, misleading, and at times incorrect. From the evidence introduced at trial, it is clear that the amount of interest owed to Martha's Hands for this period of time was not proven with reasonable certainty. Accordingly, the evidence supports the trial court's ruling that Martha's Hands did not prove by a preponderance of the evidence the interest due under this calculation.

Huber testified at trial that the interest owed on the outstanding balance, prior to the payments made by Steven and Robin on November 2, 2007, was $1,132.66. Huber testified that he calculated the interest owed on this outstanding balance by looking at each of the eight invoices and calculating the interest from the date of the invoice to November 1, 2007. Huber testified that calculating interest in this manner would lead to the $1,132.66 figure. Several challenges to this calculation support the trial court's denial of this portion of Martha's Hands's interest claim.

First, Huber testified that interest was calculated based on the $27,597.28 past due amount reflected in the invoices. However, the invoices presented by Martha's Hands and Huber do not add up to $27,597.28, but instead reflect a total of $46,748.36 in past due invoices. This discrepancy in the outstanding amount owed leads to confusion and inconsistency with regard to this interest calculation. No explanation was presented at trial through either Huber or any other witness for Martha's Hands to explain this discrepancy. Huber's testimony that the outstanding amount of $27,597.28 was obtained from the invoices is not supported by any substantial evidence or the record.

Second, calculating the interest in the manner described by Huber at trial does not result in the interest amount claimed by Martha's Hands. Huber testified that the interest was calculated based on the invoices alone. However, performing the calculations as Huber testified does not result in an interest calculation of $1,132.66. We are left to speculate how Martha's Hands determined the amount of interest owed, something we will not do. The "first interest" alleged by Huber and Martha's Hands is not verifiable by the evidence presented by Martha's Hands at trial because Huber's testimony that the $1,132.66 interest due was calculated based on the invoices is simply not supported by the record.

Significant confusion exists as to the manner in which Martha's Hands calculated the interest owed on the outstanding balance up to November 2, 2007. We hold that the trial court's ruling was supported by the record and not against the weight of the evidence with regard to the "first interest" claimed by Martha's Hands. Martha's Hands's second point on appeal is denied, and the trial court's judgment affirmed as to the claim for "first interest" in the amount of $1,132.66.

## B. Second Interest

■ On the other hand, the evidence presented by Martha's Hands at trial as to the calculation of interest on the outstanding balance from November 2, 2007 through November 29, 2009, was clear and unequivocal. The undisputed evidence admitted at trial proved that Martha's Hands was owed $3,449.67 in interest on the remaining $9,199.10 balance under the Agreement.

Huber testified at trial that Steven owed $3,449.67 in interest on the outstanding balance of $9,199.10. This interest claim was calculated from November 1, 2007, when the first two-thirds payments were received from Steven and Robin, until November 29, 2009, when the remaining balance was paid. Interest was calculated on the outstanding balance, and continued to accrue interest at the rate of 1½ percent per month for twenty-five months.

Steven does not dispute that a $9,199.10 balance was owed to Martha's Hands as of November 1, 2007 under the Agreement. Nor does Steven dispute that this balance remained unpaid until November 29, 2009. Martha's Hands presented evidence of a straightforward interest calculation to the trial court, by simply taking the amount owed ($9,199.10), multiplied by the months past due (25), multiplied by the monthly interest rate (1½%).[2] This simple mathematical calculation results in an interest amount due of $3,449.67.

Steven did not present any evidence to dispute, negate, or otherwise challenge any of the evidence with regard to this "second interest" claim. As such, the trial court's finding that Martha's Hands did not prove its claim for this "second interest" by a preponderance of the evidence is against the weight of the evidence. We reverse the trial court's decision with regard to this "second interest" and hold that Rothman is liable to Martha's Hands under the Agreement for interest in the amount of $3,449.67.

Martha's Hands second point is affirmed in part and reversed in part.

## III. Costs and Attorneys Fees

■ In its third point on appeal, Martha's Hands claims the trial court erred in failing to award it damages for collection costs and attorney's fees. We agree and find that the trial court's failure to award costs and attorney's fees was against the weight of the evidence.

Huber testified at trial that Martha's Hands incurred litigation expenses of a $424.50 deposition cost and $35 filing fee. Huber also testified that Martha's Hands's liability for attorney's fees under the fee agreement with its attorney was one-third of the total recovery. Huber confirmed on cross-examination that Martha's Hands was requesting as damages attorney's fees based on one-third of $14,240.92, which is the total of the $9,199.10 remaining principal paid after filing of the lawsuit by an attorney, interest, deposition cost, and filing fee. No conflicting evidence was presented.

■ While typically a party to litigation is responsible for paying its own legal fees, an exception exists when a contract between the litigating parties provides for payment of attorney's fees.

2. While this calculation of interest (principal × months × interest rate) was presented by Huber, this calculation is only used for non-compounding, or simple, interest. Had Martha's Hands wished to claim compounding interest on the principal, this calculation would be incorrect, resulting in an underpayment to Martha's Hands. Because this mathematical calculation results in a lower amount payable to Martha's Hands, we will accept the calculation presented by Martha's Hands.

*Mihlfeld & Assoc. Inc. v. Bishop & Bishop, LLC,* 295 S.W.3d 163, 174 (Mo.App. S.D. 2009). "When a party requests attorney fees under a provision of a contract, the trial court must comply with the terms set forth in that contract." *Id.; see also Simpson v. Simpson,* 295 S.W.3d 199, 210 (Mo.App. W.D.2009) ("If a contract provides for the payment of attorney's fees in the enforcement of a contract provision, the trial court must award them to the prevailing party." (internal quotations and citations omitted)). "Although the trial court may use its discretion to determine the amount to award in attorney fees, where a party is found to have breached the contract, the contractual provision for attorney fee requires the award of attorney fees." *Mihlfeld & Assoc., Inc.,* 295 S.W.3d at 174. "An award in some amount is required by the contract as a matter of law and is not a matter within the trial court's discretion." *Id.*

The Agreement signed by Steven expressly provides for attorney fees. The client payment information page of the Agreement stated that, "If this account is collected by a collection agent or an attorney by suit or otherwise, the undersigned below agrees to pay all collection and attorney fees." Steven signed on the line for "Signature of Responsible Party," below the attorney fee language.

It was undisputed at trial that $9,199.10 remained due and owing to Martha's Hands under the Agreement as of January 2009, the date Martha's Hands filed suit. Steven does not dispute that this amount continued to be unpaid until November 29, 2009, more than ten months after the lawsuit was filed. While the outstanding balance may not have been paid pursuant to an award or judgment, or as part of a court order, the overwhelming weight of the evidence in the record before us clearly shows that the outstanding balance owed to Martha's Hands was collected by "an attorney by suit or otherwise." Thus, according to the express provisions of the Agreement, Martha's Hands is owed "all collection and attorney fees."

The trial court's failure to make a specific finding with regard to Martha's Hands's demand for attorney's fees, and its judgment finding both parties responsible for their own costs and fees is against the weight of the evidence. This Court therefore reverses the trial court's findings with regard to an award of costs and attorney's fees and remands this matter to the trial court for a determination of those amounts.

## IV. Steven's Claims

Steven did not file a separate notice of appeal with this Court, but he presents additional claims in his brief that are not responsive to the appeal brought by Martha's Hands. Generally, when only one party appeals from a judgment, review is limited to the contentions made by him, and allegations of error raised by the respondent will not be considered. *Parker v. Bruner,* 692 S.W.2d 379, 383 (Mo.App. S.D.1985). As Steven failed to present these issues in a cross-appeal, we do not address them here.

### Conclusion

The judgment of the trial court is affirmed with regard to the denial of recovery for Martha's Hands for the "first interest." We reverse the trial court's judgment denying Martha's Hands's claim for breach of contract, denying Martha's Hands's claim for the "second interest," and denying Martha's Hands's recovery of costs and attorney's fees. We remand this matter to the trial court for a determination of the amount owed by Steven to Martha's Hands for costs and attorneys

fees and for the entry of orders consistent with this opinion.

Because Steven alleges Courtney is liable to him for damages assessed against him under the Agreement by virtue of his third-party claim, we further remand this claim to the trial court for a determination of Courtney's liability to Steven for damages under Steven's third-party claim.

ROBERT G. DOWD, JR., and NANNETTE A. BAKER, JJ., Concur.