

# In the Missouri Court of Appeals
# Eastern District
## DIVISION ONE

| | | |
|---|---|---|
| SQUARE UP BUILDERS, LLC, | ) | No. ED110578 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 18SL-CC04500 |
| | ) | |
| CRYSTAL WINDOW & DOOR | ) | Honorable John N. Borbonus |
| SYSTEMS, LTD., | ) | |
| | ) | |
| Appellant. | ) | FILED:  December 20, 2022 |

## Introduction

Crystal Window & Door Systems, Ltd. (Crystal Window) appeals from the trial court's award of attorney's fees to Square Up Builders, LLC (Square Up) in its suit for breach of contract and breach of warranty against Crystal Window. We affirm.

## Factual and Procedural Background

In 2017, Crystal Window contracted with Square Up to provide windows for Square Up's building project as articulated in a purchase order (the Purchase Order). After Crystal Window failed to deliver the windows in a timely fashion and, in addition, delivered non-conforming and defective windows, Square Up filed suit for breach of contract and breach of warranty. In its prayers for relief for each count, Square Up requested monetary damages in addition to attorney's fees and expenses. Crystal Window filed a counterclaim for breach of contract, alleging that Square Up had failed to pay all amounts due under the contract, and requesting monetary damages in addition to attorney's fees and expenses.

After a bench trial, the trial court entered judgment in favor of Square Up, awarded monetary damages, and ordered Square Up to submit a fee bill and motion for fees and expenses. Square Up submitted a motion for attorney's fees and expenses, supported by an affidavit and fee bill. Crystal Window opposed this motion on the basis that the provision of the Purchase Order referenced in Square Up's motion for attorney's fees related solely to third-party claims, and that no applicable provision existed to support an award of attorney's fees and expenses. Square Up replied to this opposition and attached a copy of the original petition, the Purchase Order, and Crystal Window's answer to the petition. The trial court entered full and final judgment in favor of Square Up awarding monetary damages, attorney's fees, and expenses. Crystal Window filed a motion to amend or modify the judgment as it pertained to attorney's fees pursuant to Rule 75.01,[1] which Square Up opposed and which the trial court denied. This appeal follows.

Standard of review

We generally review a trial court's decision regarding an award of attorney's fees for an abuse of discretion. Hendrix v. City of St. Louis, 636 S.W.3d 889, 903 (Mo. App. E.D. 2021) (citing Fowler v. Fowler, 504 S.W.3d 790, 803 (Mo. App. E.D. 2016)). That standard of review, however, only applies in instances where the trial court had authority to award such fees. Id. (citing Roller v. Steelman, 297 S.W.3d 128, 131 (Mo. App. W.D. 2009)). Whether a trial court had authority to award attorney's fees is a question of law that we review de novo. Id. (citing Lucas Stucco & EIFS Design, LLC v. Landau, 324 S.W.3d 444, 445 (Mo. banc 2010)).

Discussion

In its sole point on appeal, Crystal Window argues the trial court erred in awarding attorney's fees and expenses to Square Up because its motion for attorney's fees and expenses

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

did not cite any contractual provision entitling Square Up to such fees or expenses. For the following reasons, we affirm the award of attorney's fees and expenses.[2]

*General law governing award of attorney's fees*

Missouri adheres to the "American Rule" for attorney's fees, which requires each party to pay the attorney's fees that he or she incurs in litigation. Id. (citing Tupper v. City of St. Louis, 468 S.W.3d 360, 374 (Mo. banc 2015)). One exception to this general rule is where a contract or agreement between the parties provides for an award of attorney's fees and costs. See Ruby v. Troupe, 580 S.W.3d 112, 115 (Mo. App. W.D. 2019) (citing Lucas Stucco, 324 S.W.3d at 446).[3] "When a party requests attorney's fees under a provision of a contract, the trial court must comply with the terms set forth in that contract." Martha's Hands, LLC v. Rothman, 328 S.W.3d 474, 482–83 (Mo. App. E.D. 2010) (quoting Mihlfeld & Assocs. Inc. v. Bishop & Bishop, LLC, 295 S.W.3d 163, 174 (Mo. App. S.D. 2009)).

Attorney's fees are considered special damages which, pursuant to Rule 55.19,[4] must be specifically pleaded. Hendrix, 636 S.W.3d at 903 (citing Scheck Indus. Corp. v. Tarlton Corp., 435 S.W.3d 705, 732 (Mo. App. E.D. 2014); Ruby, 580 S.W.3d at 115; and Lau v. Pugh, 299 S.W.3d 740, 751 (Mo. App. S.D. 2009)).

---

[2] Crystal Window only challenges Square Up's entitlement to an award of attorney's fees and expenses, not the amount or reasonableness of that award. Crystal Window also does not challenge the trial court's judgment in favor of Square Up on the merits of its breach of contract claim or Crystal Window's counterclaim, or the related damages award.

[3] Other recognized exceptions to the "American Rule," not applicable here, include when a statute specifically authorizes recovery or under exceptional "special circumstances." See Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC, 585 S.W.3d 269, 285–86 (Mo. banc 2019) (citing supporting cases); Ruby v. Troupe, 580 S.W.3d 112, 115, 115 n.2 (Mo. App. W.D. 2019) (citing Lucas Stucco & EIFS Design, LLC v. Landau, 324 S.W.3d 444, 446 (Mo. banc 2010) and Schindler v. Pepple, 158 S.W.3d 784, 787 (Mo. App. E.D. 2005)).

[4] Rule 55.19 provides in full: "When items of special damage are claimed, they shall be specifically stated. In actions where exemplary or punitive damages are recoverable, the petition shall state separately the amount of such damages sought to be recovered. In actions for such damages based upon an alleged tort, no dollar amount or figure shall be included in the demand, but the prayer shall be for such damages as are fair and reasonable."

*The attorney's fees provisions of the Purchase Order*

The parties agree that the only agreement between them that could give rise to an award of attorney's fees is the Purchase Order. Square Up cited two provisions of the Purchase Order relating to attorney's fees in its petition and motion for attorney's fees, and Crystal Window cited a separate provision of the Purchase Order relating to attorney's fees in its counterclaim.  We outline the three relevant provisions below:

- Paragraph 4 of the Purchase Order terms and conditions, which states in relevant part: "Seller shall be responsible to Buyer for all costs and expense[s] that Buyer incurs, including reasonable attorney's fees, as the result of Seller's failure to provide Goods in conformance with the requirements of this P.O."  This provision was referenced in Square Up's petition.

- Paragraph 6 of the Purchase Order terms and conditions, which states in full: "Third Party Claims: Seller agrees to hold harmless, indemnify, and defend Buyer from and against any liability, loss, damage, cost or expense (including attorney's fees) which Buyer may suffer from any claim, demand, actions, suit or cause of action made against it due to Seller's negligent or willful actions and/or Seller's failure to provide Goods in conformance with the requirements of this P.O."  This provision was referenced in Square Up's motion for attorney's fees and expenses.

- Paragraph I of Exhibit B to the Purchase Order, governing dispute resolution provisions, which states in relevant part: "In any dispute between Buyer and Seller or related to this Agreement, the prevailing party shall be entitled to recover its attorney's fees, expert fees, and costs from the non-prevailing party.  Determination of which party prevailed shall be made by the arbitrator(s).  Determination of which party prevailed shall be made

by reviewing the Claims resolved at arbitration ….” This provision was referenced in Crystal Window’s counterclaim.

The trial court did not rely on any specific provision for its award of attorney’s fees and expenses in the final judgment.

*The award of attorney’s fees and expenses was proper because Paragraph 4 of the Purchase Order expressly authorized such award and attorney’s fees were specifically pleaded*

The award of attorney’s fees and expenses was proper here because the Purchase Order agreement between the parties specifically authorized such award and Square Up properly requested attorney’s fees and expenses.

We agree with Crystal Window that neither Paragraph 6 nor Paragraph I of the Purchase Order—the provisions referenced in Square Up’s motion for attorney’s fees and in Crystal Window’s counterclaim—authorize an award under the circumstances here. Paragraph 6 expressly applies to third-party claims filed against Square Up for which Crystal Window is bound to indemnify and defend Square Up; here, there was no third-party claim filed against Square Up. Likewise, Paragraph I expressly applies in arbitration proceedings; here, this award did not arise out of arbitrated claims.

But in its original petition, Square Up referenced Paragraph 4, which states: “Seller shall be responsible to Buyer for all costs and expense[s] that Buyer incurs, including reasonable attorney’s fees, as the result of Seller’s failure to provide Goods in conformance with the requirements of this P.O.” The Purchase Order is a contract and is the only applicable agreement between the parties. In interpreting provisions of the Purchase Order, we apply contract law principles and seek to determine the intent of the parties and give effect to their intention. Ordower v. NRT Mo., LLC, 528 S.W.3d 463, 466 (Mo. App. E.D. 2017) (citing Triarch Indus., Inc. v. Crabtree, 158 S.W.3d 772, 776 (Mo. banc 2005)). We discern the parties’ intent from the contract language as expressed by its plain and ordinary meaning. Id.

5

Paragraph 4 of the Purchase Order authorized the present award of attorney's fees and expenses because its plain language unambiguously provides that "Seller shall be responsible to Buyer for all costs and expense[s] that Buyer incurs, including reasonable attorney's fees, as the result of Seller's failure to provide Goods in conformance with the requirements of this P.O." It is undisputed that Seller is Crystal Window and Buyer is Square Up, and that both parties agreed to the Purchase Order. After trial on Square Up's petition for breach of contract and warranties, the trial court found that Crystal Window breached this contract resulting in damages to Square Up—a finding that is not challenged on appeal. Therefore, under the plain terms of Paragraph 4, Square Up is entitled to attorney's fees and expenses.

It is of no import that Square Up referenced a different provision of the Purchase Order in its motion for attorney's fees. We find Scheck Industrial Corporation v. Tarlton Corporation instructive on the question of whether Square Up's failure to cite to Paragraph 4 in its motion for attorney's fees rendered the trial court incapable of awarding attorney's fees in this case. 435 S.W.3d 705 (Mo. App. E.D. 2014). In Scheck, a breach of contract case, the appellant challenged the circuit court's award of attorney's fees on the basis that the respondent's pleading requested attorney's fees under a provision of an agreement between the parties that was different than the provision under which the circuit court made its award. Id. at 732. The Scheck court rejected this argument, concluding that the respondent's failure to "specifically reference [the paragraph] of the Contract [that authorized the award] [wa]s immaterial because the facts pleaded and relief prayed sufficiently placed [the appellant] on notice that [the respondent] sought an award of attorney's fees." Id. at 733. The appellant was sufficiently on notice because the respondent's pleadings referenced a provision of the contract between the parties that allegedly entitled it to attorney's fees, the pleadings included a prayer for relief

6

specifically requesting attorney's fees and expenses, and the contract between the parties was attached to the pleading. Id. at 732–33.

Here, like the appellant in Scheck, Square Up properly requested attorney's fees in its original petition and sufficiently placed Crystal Window on notice that it sought an award of attorney's fees and expenses. See id. It pleaded two causes of action for breach of the Purchase Order and agreement between the parties; it referenced Paragraph 4 of the Purchase Order as authorizing attorney's fees; it attached the Purchase Order to the petition; and its prayer for relief specifically requested the trial court award "attorney's fees and expenses." And after the trial court found in its favor on the merits of its claims, Square Up filed a motion for attorney's fees and expenses, attaching documents supporting its request. This was sufficient to specifically plead and support an entitlement to an award of attorney's fees and expenses. See id.; Ruby, 580 S.W.3d at 115–16.

Paragraph 4 of the agreement between the parties authorized an award of attorney's fees and expenses under the circumstances present here, and Square Up properly requested such fees and expenses in its original petition and prayer for relief. Therefore, Square Up was entitled to—and the trial court did not err in making—an award of attorney's fees and expenses. See Scheck Indus. Corp., 435 S.W.3d at 732–33; Martha's Hands, 328 S.W.3d at 483.

Point denied.

Conclusion

For the foregoing reasons, we affirm the trial court's judgment and award of attorney's fees and costs.

_Sherri B. Sullivan_
SHERRI B. SULLIVAN, J.

Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.