Ivan L. MULLENIX, d/b/a Mullenix Development Co., Plaintiff-Appellant,

v.

Eugene E. BRUCKER, et al., Defendants-Respondents.

No. 49002.

Missouri Court of Appeals, Eastern District, Division One.

May 28, 1985.

9

Donald W. Paule, Clayton, for plaintiff-appellant.

William J. Hormberg, Clayton, for defendants-respondents.

## CARL R. GAERTNER, Judge.

Originally filed in 1980, tried to a jury in 1983 and before this court for the second time, this litigation remains in the limbo of unrest reserved for cases without final judgments.

Ivan L. Mullenix, d/b/a Mullenix Development Company, instituted this action against Eugene E. Brucker, Daniel J. Cottin and Michael A. Tolley, d/b/a Brucker and Associates, alleging damages as a result of negligent performance of engineer-

ing services. In 1981, Brucker and Associates, Ltd., a corporation, was added as a party defendant. This corporation admittedly was the successor to Brucker and Associates, a proprietorship, and assumed all the assets and liabilities thereof. In 1982, Eugene E. Brucker, individually, filed a counterclaim seeking payment for services rendered. With the pleadings in this posture, the case proceeded to a jury trial in September, 1983, before the Honorable George W. Cloyd, now deceased. At the conclusion of plaintiff's case, the trial court sustained a motion for directed verdict as to defendant Cottin. Plaintiff's single claim for damages was submitted in two packages of instructions and verdict forms: Package A directed toward defendant Tolley, based upon his professional negligence, and Package B directed toward Brucker individually and Brucker and Associates, Ltd., a corporation, based upon the negligence of Tolley, apparently, although not evident from the file before us, based upon a theory of respondeat superior. Verdict form B omitted the name of the corporate defendant and provided for the jury to find in favor of plaintiff and against Eugene E. Brucker only as an individual. A third package submitted the issue of the counterclaim on behalf of Brucker and the corporation.[1]

On September 23, 1983, the jury found in favor of plaintiff on both Package A and Package B and assessed plaintiff's damages at $80,588.38 on each. The jury also found that Brucker individually and the corporation were entitled to recover from plaintiff $4,235.50 as the unpaid balance for the services found to have been negligently performed.

Judge Cloyd entered the judgment as follows:

It is therefore Ordered and Adjudged that plaintiff Ivan L. Mullenix have and recover of the defendants Eugene E. Brucker and Michael A. Tolley the sum

---

1. The corporate defendant was not a party to the counterclaim as pleaded and no entry in the legal file indicates it ever became a party thereto. In the absence of a transcript, we are not able to determine whether or not the parties consented to the joinder of the corporation as a counterclaimant.

of $76,352.88, together with the cost of this proceeding, and that execution issue therefor.

Defendants filed a timely motion for new trial and plaintiff filed a response thereto. The legal file does not reflect that the motion was ever taken under submission. After the passage of 90 days defendant filed a notice of appeal which plaintiff promptly moved to dismiss on the grounds the judgment was not final. This motion was sustained and on May 15, 1984, we ordered the cause "remanded to trial court for purposes of entering in conformity with judgment."

On July 31, 1984 after notice to the parties and a hearing, the Honorable Kenneth M. Weinstock, the successor of Judge Cloyd, upon the authority of Rule 79.01, sustained defendants' motion for new trial, set aside the verdict against defendants and ordered a new trial as to all defendants. From this order plaintiff appeals.

We have set forth this lengthy and detailed history for the purpose of showing the morass in which this case and the respective rights of the parties have become mired. There still is no final judgment. The purported judgment entered on September 23, 1983 shows no disposition of the claim against Brucker and Associates, Ltd., a corporation, nor of the claim against Daniel J. Cottin. Defendant Michael Tolley has been credited with a set-off based upon a counterclaim he never asserted.

The issue before us on this appeal is whether or not Judge Weinstock had jurisdiction to exercise the discretion vested in him as a successor judge under Rule 79.01. Plaintiff argues that he possessed no jurisdiction other than to comply with our mandate. In the usual case, this would be true. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960).

However, we are not unmindful of the dilemma confronting Judge Weinstock when faced with our mandate remanding the cause "for purposes of entering in conformity with judgment." Compounding this cryptic directive were duplicate packages of instructions submitting a single claim, verdict forms which did not conform to the pleadings nor to the instructions, and what appears to be an inconsistency between the verdict for the plaintiff and the verdict for the defendant on the counterclaim. Judge Weinstock's resort to the discretionary grant of a new trial under Rule 79.01, "that he cannot perform [the duties of his predecessor] because he did not preside at the trial or for any other reason ..." is understandable.

Moreover, plaintiff's argument is predicated upon the concept that the motion for a new trial was overruled 90 days after its filing by operation of Rule 78.06. "However, such time limits are not applicable when, as in this case, the judgment is not final." *Ray Nolting Oldsmobile Co. v. 66 Watson Development Company*, 518 S.W.2d 167, 169 (Mo.App.1974). This conclusion stems from the principles enunciated by the Missouri Supreme Court in *State ex rel. Schweitzer v. Greene*, 438 S.W.2d 229 (Mo. banc 1969). In *Greene*, the court started with the principle that an order which does not dispose of all parties and all issues is not a final or appealable judgment. As stated above and as is reflected by our dismissal of the first appeal herein, there is no final appealable judgment in this case. The Supreme Court in *Greene* then continued:

> Logic and justice would seem to indicate that a trial court should be permitted to retain control of every phase of a case so that it may correct errors, or, in its discretion, modify or set aside orders or judgments until its jurisdiction is extinguished by the judgment becoming final and appealable. Of course, any such action should be taken only after proper notice to the parties.

*Id.* at 232.

Therefore, the court concluded that at anytime before final judgment the trial court may open, amend, reverse or vacate a judgment which has not attained the status of finality and appealability.

We do not dispute the correctness of plaintiff's argument that the trial court

was divested of jurisdiction by the filing of the notice of appeal by defendants. But upon the sustaining of plaintiff's motion to dismiss that appeal and the remanding of the case to the trial court, its jurisdiction was restored. Normally, that jurisdiction would be limited to compliance with the mandate of the appellate court. However, in this unusual case, where the trial judge's successor was faced with the task of formulating a judgment based upon inconsistent verdicts rendered on forms which deviated from the instructions, which, in turn, did not conform to the pleadings, we cannot say the successor judge abused his discretion in granting a new trial. Rule 79.01.

Accordingly, the order granting a new trial is affirmed. The cause is remanded for a new trial of all issues as to all parties.

PUDLOWSKI, P.J., and KAROHL, J., concur.