Thomas J. LAURIA,
Plaintiff–Respondent,

v.

Terry WRIGHT and Foundation Con-
cepts, Inc., Defendants–Appellants.

No. 58304.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 12, 1991.

Rollin J. Moerschel, Victor S. Williams, Thompson & Mitchell, St. Charles, for defendants-appellants.

Charles W. Niedner, Maryella Stribiling Kelly, Niedner, Niedner, Ahleim & Bodeux, St. Charles, for plaintiff-respondent.

CRANE, Judge.

Defendants, Terry Wright and Foundation Concepts, Inc., appeal from a judgment in favor of plaintiff, Thomas J. Lauria, on Count II in this court-tried case for unfair merchandising practices. We reverse.

Plaintiff entered into negotiations with defendant Terry Wright, salesman for and part owner of defendant Foundation Concepts, Inc. [FCI], to purchase a house to be built on an empty lot. The lot was owned by the estate of a third party. On October 25, 1988, plaintiff purchased the lot for $13,000.00 and had the grantor deed it to FCI. Later that day plaintiff submitted a real estate contract[1] to FCI to purchase the real estate with the completed house from FCI for $110,665.00. The contract form provided that the lot which had been deeded to FCI was tendered to FCI "as earnest deposit and as part of the cash consideration for the purchase ...". The $13,000.00 value of the lot was deducted from the contract price to show cash paid on closing to be $97,665.00. The contract form further provided that if the offer was not accepted, the earnest deposit would be returned to purchaser.

After plaintiff submitted the offer, the parties became involved in a dispute over an additional charge to move the location of the garage. An officer of FCI revised plaintiff's written offer to include a relocated garage and increased the contract price. Plaintiff did not accept the changes and, on November 17, notified FCI in writing that he was not going to purchase the real estate and requested the return of the lot which had been tendered as an earnest deposit. FCI refused to deed the lot to plaintiff, claiming a right to reimbursement for some initial construction expenses. This action followed.

Plaintiff sought recission and cancellation of the deed to FCI in Count I. This relief was granted and no appeal was taken from that action. In Count II plaintiff sought damages and attorney's fees, claiming defendants' actions constituted unlawful merchandising practices as defined in § 407.020 RSMo 1986. The trial court found that by refusing to re-deed the real estate to plaintiff, defendants committed an unfair practice prohibited by § 407.020 and awarded him damages in the amount of $2,758.15 and attorney's fees in the amount of $4,050.00. Defendants moved to vacate, amend or modify the judgment on the grounds that 1) Count II was based on § 407.020 which does not provide for a civil remedy and 2) judgment could not be entered under § 407.025 RSMo 1986 because the transaction was not a purchase or lease of goods or services. Plaintiff thereafter moved for leave to amend its petition to conform to the evidence by adding a reference to § 407.025 as an additional statute defining unlawful merchandising practices and adding an alternative Count III for common law fraud. The trial court denied defendants' motion to vacate and granted plaintiff's motion to amend. It further found in favor of plaintiff on Count III but did not enter judgment on Count III because Counts II and III were pleaded in the alternative.

On appeal defendants claim the trial court erred in overruling its post-trial motion[2] for the reasons that § 407.020 does not provide a private cause of action and § 407.025 applies only to purchases of goods or services. Although we agree with defendants that § 407.020 does not provide a private right to relief, we agree with plaintiff that Count II was brought under § 407.025. However, because

---

1. The form used was Residential Sales Contract SCF 10/87 issued by the Real Estate Board of Metropolitan St. Louis.

2. Technically there is no appeal from the order overruling defendants' post-trial motion. However, we will consider the two issues expressed as an appeal from this order as an appeal from the final judgment. *Nickerson v. Moberly Foods, Inc.,* 781 S.W.2d 87, 91 (Mo.App.1989).

§ 407.025 does not apply to the transaction at hand, we reverse the judgment on Count II of plaintiff's petition.

■■■ Defendants first argue that Count II was specifically brought under § 407.020 which provides only for criminal penalties for unlawful merchandising practices. This section does provide only for criminal penalties, but we do not find that Count II was brought under that section. The only reference to that section was in paragraph 2 of the Count where plaintiff alleged that defendants' actions constituted "unlawful merchandising practices as defined in Revised Statutes of Missouri, Section 407.020." Plaintiff contends that Count II was brought pursuant to § 407.025 which provides for a private cause of action for unlawful merchandising practices as defined in § 407.020. There is no language in Count II which specifically states that it was brought under § 407.025, however, a citation of the statute is not required if the pleadings bring the case within the purview of the statute. *Williamson's Estate v. Williamson*, 380 S.W.2d 333, 338 (Mo.1964); *Barry v. Barrale*, 598 S.W.2d 574, 577 (Mo.App.1980). The pleadings clearly attempt to state a claim under § 407.025 and seek the relief provided by that section. Likewise, the judgment and relief that was granted was that authorized by § 407.025. The reference to § 407.020 in the judgment was only to the definition contained in that section. It is clear that the case was tried under § 407.025. At the outset of trial, plaintiff's attorney directed the court's attention to the definition in § 407.020 and the relief provided by § 407.025. It was not necessary to amend Count II to refer to § 407.025, and the order granting leave to amend was not error.

■ Having decided that Count II was brought under § 407.025, we must next determine whether the court erroneously applied the law in entering judgment under that section. Section 407.025 provides a remedy to any person "who purchases or leases goods or services" and suffers an ascertainable loss as a result of the use of an unfair merchandising practice. Defen-

dants argue that no claim was proved under § 407.025 because 1) there was no purchase and 2) the subject matter of the transaction was real estate, not goods or services. We agree.

The act complained of was the refusal to return the earnest deposit. The earnest deposit, which was in the form of a deed, had been tendered as security on a potential real estate contract. Under the terms of the offer, if the contract was not entered into, it was to be returned. The trial court correctly found that the submission of the contract form by purchaser and the addition by seller of new and different terms constituted an offer and counteroffer and no contract had been entered into. *Nelson v. Baker*, 776 S.W.2d 52, 53 (Mo.App.1989). Thus, under the terms of the offer, the earnest deposit should have been returned. The trial court found that defendants breached this obligation without just cause or excuse. However, whatever legal duty may have been violated by this action, it was not covered by § 407.025.

The tender of an earnest deposit with an offer to enter into a contract cannot be construed to be a purchase. *See Jackson v. Charlie's Chevrolet, Inc.*, 664 S.W.2d 675 (Mo.App.1984). "By the language of § 407.025, the legislature provided a cause of action for one who purchases, not one who attempts or offers to purchase." *Id.* at 677. Moreover, the subject matter of the transaction was real estate—the earnest deposit was a deed to real estate and it was tendered with an offer to contract which, if accepted, would have bound plaintiff to purchase the same real estate with improvements. Real estate transactions are not covered by § 407.025. *Detling v. Edelbrock*, 671 S.W.2d 265, 272–73 (Mo. banc 1984). This rule has been specifically applied to contracts for the purchase of real property with the construction of improvements thereon. *Schimmer v. H.W. Freeman Construction Co.*, 607 S.W.2d 767 (Mo.App.1980); *Callicoat v. Acuff Homes, Inc.*, 723 S.W.2d 565 (Mo.App. 1987).

*Pointer v. Edward L. Kuhs Co.*, 678 S.W.2d 836 (Mo.App.1984), on which plain-

tiff relies, does not apply. In *Pointer* we held that a contract for broker's services was within § 407.025 where plaintiff's loss was occasioned by the acts of defendant in performing services as a real estate broker. *Id.* at 841. No real property was exchanged between the owner and broker. In contrast, in this case, real property was exactly what was being exchanged between the parties. This was a real estate transaction which was not within § 407.025. The judgment on Count II in favor of plaintiff is reversed.

Defendants' third argument is that the trial court abused its discretion in allowing plaintiff to amend its petition after judgment. Plaintiff was granted leave to amend Count II by adding a reference to § 407.025 and to amend the petition by adding an alternative Count III for common law fraud. We have already found the amendment to Count II was unnecessary since the claim was already stated under that statute. Moreover, our reversal of Count II makes the trial court's action in this regard moot.

■ Likewise, we need not address the question of whether the trial court abused its discretion in allowing plaintiff to amend its petition after judgment to add a new Count III for common law fraud because that action is moot. A cause of action for damages for common law fraud and a claim under Section 407.025 are alternative causes of action. Had plaintiff pleaded both, he would have been required to elect one cause prior to judgment. *Gollwitzer v. Theodoro,* 675 S.W.2d 109, 111 (Mo.App. 1984); *Farley v. Johnny Londoff Chevrolet, Inc.,* 673 S.W.2d 800, 806–07 (Mo.App. 1984). Here plaintiff pleaded and proceeded to judgment on the statutory cause of action.

■ We also note that in Count I plaintiff obtained recission of the deed on the grounds it had been induced by fraud. An action for damages and an action for recission are likewise alternative causes of action for fraud in the inducement of a contract. *Johnson v. Bray,* 31 S.W.2d 998, 1001–02 (Mo.1930). A defrauded party

may stand upon the contract and sue for damages growing out of the fraud and deceit practiced upon him in the procurement of the contract or he may elect to rescind the contract and sue to have it cancelled. *Id.* at 1002. *See also Dowd v. Lake Sites,* 365 Mo. 83, 90, 276 S.W.2d 108, 112 (1955).

■ Having prosecuted both the recission count and the statutory count[3] to judgment, plaintiff is barred from proceeding with a subsequent action for damages. "The prosecution of one remedial right to judgment, whether the judgment be for or against the plaintiff, is a decisive act constituting a conclusive election, and barring the subsequent prosecution of an inconsistent remedial right." *Baker v. Aetna Casualty & Surety Co.,* 193 S.W.2d 363, 367 (Mo.App.1946); *Dombroski v. Cox,* 431 S.W.2d 680, 682 (Mo.App.1968). Accordingly, the trial court's action in allowing plaintiff to amend to allege a new action for damages for fraud after judgment is moot because any prosecution of that claim is barred by plaintiff's election of other remedies.

The judgment of the trial court on Count II of the petition is reversed. Plaintiff's motion to remand for determination of additional attorney's fees is denied as moot.

SATZ, P.J., and STEPHAN, J., concur.

---

**3.** We are not presented with the question of whether these two remedies were consistent.