**Cole Howard GIPSON and Ni'Cole Gipson, Plaintiffs/Appellants,**

v.

**Kevin Orlando FOX, Defendant/Respondent.**

**No. ED 89488.**

Missouri Court of Appeals, Eastern District, Division Two.

March 25, 2008.

Ni'Cole Gipson, Florissant, MO, Pro Se.

Benicia Ann Baker–Livorsi, St. Charles, MO, for respondent.

BOOKER T. SHAW, Judge.

Appellants Ni'Cole Michelle Gipson (Mother) and her son, Cole Howard Gipson (Son), appeal the trial court's judgment regarding child support and related financial awards ordered against Cole's father, Kevin Orlando Fox (Father). Mother asserts that the trial court erred in that (1) its final judgment was untimely and therefore void, (2) it failed to enter findings of fact, and (3) its orders with respect to health care costs are inconsistent. The trial court's judgment is reversed and remanded.

### Facts and Procedural History

In January 2005, a few weeks after Son's birth, Mother filed this action seeking a declaration of paternity, sole custody, child support, birthing expenses, and legal fees. A hearing occurred in March 2006 during which Mother submitted a proposed parenting plan. On August 18, the trial court entered a judgment declaring Father's paternity, granting Mother sole legal and physical custody, and ordering Father to pay: (1) monthly child support of $900 beginning April 1, 2006, (2) $5000 for Mother's birthing expenses, and (3) $2500 for Mother's legal fees.[1] The court also ordered Father to provide Son's health insurance coverage and to pay for half of Son's uncovered medical expenses (e.g., co-payments). In addition, the court granted Mother's motion for retroactive child support but failed to specifically order such support.

On September 15, 2006, Mother filed several motions seeking clarification, reconsideration, an order *nunc pro tunc*, and/or a new trial as a result of discrepancies in the court's initial judgment.[2] On

---

1. The findings and conclusions portion of the judgment purported to award $3000, but the order and decree actually awarded $2500.

2. The initial judgment listed the parenting plan and Forms 14 as exhibits, but the documents were not actually attached. Mother requested an order *nunc pro tunc* specifically incorporating the documents into the judgment.

October 12, the trial court entered a second judgment in which it incorporated the parties Forms 14 and Mother's parenting plan, amended its order for attorney fees (awarding $3000), and took under advisement Mother's other requests, namely for $23,175 in child support arrears, plus interest, and additional orders regarding educational expenses and life insurance. On January 11, 2007, the court entered a third judgment ordering Father to pay arrears of $12,091 and denying all other requests.

Mother asserts three points of error. First, she contends that the trial court's January 11 judgment is void because it was entered more than 90 days after her September 15 motion for a new trial. Second, she claims that the court erred by failing to make specific findings and conclusions regarding financial awards despite her request pursuant to Rule 73.01. Third, she alleges inconsistency and thus error in the court's orders with respect to health insurance coverage in that the court's August order requires Father to obtain coverage, but the parenting plan places that burden upon Mother.

## Discussion

*Appellate Jurisdiction and Validity of January 11 Judgment*

As a preliminary matter, Father challenges this court's jurisdiction and advocates for dismissal on two grounds. First, he argues, if the January judgment is void as Mother contends, then this court lacks jurisdiction to review it. *Kamp v. Grantham,* 937 S.W.2d 258 (Mo.Ct.App.E.D.1996)(appellate court has no jurisdiction to review a void judgment). Second, noting that Mother has been collecting child support as awarded, Father argues that she has waived any challenge to the validity of the January judgment by accepting its benefits. *State ex rel. York v. Daugherty,* 969 S.W.2d 223 (Mo.

1998)(one accepting and retaining benefits of a void judgment is estopped from denying its validity).

Logic requires us to dispense with Father's second argument first. We disagree with his premise that Mother's financial benefit originates from the January judgment. The trial court's principal child support award stems from the August and October judgments. Moreover, Father's position would require a single parent to forgo all elements of financial support awarded in order to preserve the right to appeal one. Given the realities of family court practice, we decline to adopt this approach. The Court of Appeals has already recognized that "the general rule pertaining to acquiescence in judgments should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved." *Smith v. Smith,* 702 S.W.2d 505 (Mo.App. S.D.1985) (citing *Gordon v. Gordon,* 218 Kan. 686, 545 P.2d 328, 333 (1976)). We find the court's rationale equally applicable here.

Returning to Father's first jurisdictional challenge leads us to the substance of Mother's first point relied on, namely whether the January judgment is valid. Rule 78.06 dictates that a motion for a new trial is deemed overruled if the trial court does not rule on it within 90 days following a final judgment. Mother asserts that, because she filed her motion September 15, the court only had until December 14 to rule, so the January 11 judgment was untimely and therefore void. Father argues that Rule 78.06 does not apply because the August judgment was not final in that it failed to address Mother's request for retroactive child support. The findings and conclusions section of the trial court's August judgment states, "Petitioner's request for retroactive child support is granted." However, the court

omitted the matter from its actual order. As a result, there was no final judgment on the issue. A judgment does not reside in its recitals, but in the decretal portion, which adjudicates and determines the issues in the case and defines and settles the rights and interests of the parties as far as they relate to the subject matter of the controversy. *Casper v. Lee,* 362 Mo. 927, 245 S.W.2d 132, 141 (1952). If there is an inconsistency between the recitals and the decretal part of a judgment, an express adjudication controls mere recitals. *Id.* See also *Foraker v. Foraker,* 133 S.W.3d 84 (Mo.App. W.D.2004). Because there was no final judgment, the time limit of Rule 78.06 did not apply. *Ray Nolting Oldsmobile Co. v. 66 Watson Development Co.,* 518 S.W.2d 167, 169 (Mo.App.1974).

The October judgment also was not final in that it disposed of two issues but left others pending, including Mother's renewed request for retroactive support, updated to reflect the amount then owed. Ninety days later, the court entered its January judgment disposing of the remaining issues. This court concludes that the January judgment was timely and is valid. We therefore reject Father's jurisdictional challenge and deny Mother's point I.

*Preservation on Sufficiency of Findings*

 In her second point, Mother asserts that the trial court erred by failing to enter specific findings regarding child support calculations, which she requested pursuant to Rule 73.01.[3] Father seems to concede this point in substance but argues that Mother failed to preserve the issue for appellate review because her September 15 motion was not a motion to amend as contemplated under Rule 78.07(c). The rule requires that, in order to be preserved for review, allegations of error regarding the language of the judgment, including the failure to make statutorily required findings, be raised in a motion to amend the judgment.

 The motion(s) in question bore the following title: Motion to Clarify, Motion to Reconsider, Motion for Nunc Pro Tunc Order, and/or Motion for New Trial. While the word "amend" is absent, the request for clarification necessarily invites the court to amend its judgment. Moreover, title is not dispositive; we must consider the content. *Dunkle v. Dunkle,* 158 S.W.3d 823, 831–832 (Mo.App. E.D.2005). Within the body of the motion, in the critical paragraph specifying the relief sought, Mother squarely "prays that this Court clarify, *amend,* and/or reconsider its judgment . . . ." (emphasis added) The rules should be construed in favor of permitting appeals to proceed. *Id.* Mother's motion was sufficient for preservation purposes.[4]

Beyond the issue of preservation, the parties agree that remand is necessary to enable the trial court to make specific findings of fact regarding retroactive child support and other matters as set forth in Mother's Rule 73.01 request. Point II is granted.

*Internal Inconsistency*

 Lastly, Mother contends that the trial court erred in that its August and October judgments order Father to obtain health insurance coverage for Son, while

---

**3.** Rule 73.01(c) states in pertinent part, "The court may, or if requested by a party shall, include in the opinion findings on the controverted fact issues specified by the party."

**4.** *Southard v. Southard,* 239 S.W.3d 172, is distinguishable. There, the appellant sought no clarification or amendment of the commissioner's judgment but only a rehearing before a circuit judge. We agree that a motion to amend and a motion for a new trial (or rehearing) are not functionally equivalent. Here, however, we find sufficient language in the title and body of Appellants' motion to treat it as a motion to amend.

the parenting plan, formally incorporated in October through the court's *nunc pro tunc* order, places that burden on Mother. Mother cites *Mahoney v. Mahoney*, 162 S.W.3d 512 (Mo.App. W.D.2005), prescribing remand to resolve inconsistencies in a judgment. Father argues that Mother invited the error by virtue of her *nunc pro tunc* motion. Even if the error was invited, our conclusion that the October order still contains an inconsistency enables the trial court to clarify on remand.[5] Point III is granted.

### Conclusion

The judgment of the trial court is reversed and remanded to permit the court to make specific findings of fact as requested in Mother's Rule 73.01 motion and to amend and clarify its judgment for all purposes not inconsistent with this opinion.

PATRICIA L. COHEN, C.J., and KURT S. ODENWALD, J. concur.

---

5. Applying the doctrine of common sense to the relevant paragraphs of the court's August and October judgments leads us to deduce that the court's specific orders were intended to supersede this particular portion of the parenting plan. Nonetheless, the discretion to resolve the matter rests with the trial court.