**LUCAS STUCCO & EIFS DESIGN, LLC, Respondent,**

v.

**Loren L. LANDAU, Appellant.**

**No. SC 90771.**

Supreme Court of Missouri, En Banc.

Oct. 26, 2010.

Andrew J. Scavotto and John W. Moticka, Stinson Morrison Hecker LLP, St. Louis, for Landau.

Norbert J.J. Glassl, Moser & Marsalek PC, St. Louis, for Lucas Stucco.

MARY R. RUSSELL, Judge.

A contractor that was unpaid for its work filed suit against a property owner under the Private Prompt Payment Act (act), section 431.180.[1] Although the contractor's petition properly pleaded the elements of the act, there was no mention of

---

1. Unless otherwise noted, all statutory references are to RSMo 2000, as amended by Supp.2009.

its desire to seek attorney fees other than a specific request in the prayer. The parties dispute whether the contractor is entitled to the attorney fees that the trial court awarded. The judgment is affirmed because the contractor properly pleaded a cause of action under the act, and the specific request in the prayer was sufficient for such an award.

## I. Background

Lucas Stucco & EIFS Design, LLC (Contractor) and Loren Landau (Owner) entered into a contract for the installation of the stucco finishing on Owner's building. After the project was completed, Owner made two payments to Contractor, but a balance of $4,900 remained. Contractor filed suit, alleging breach of contract, action on account, quantum meruit, unjust enrichment, and detrimental reliance. Contractor's prayers for relief to each count stated:

> Contractor ... respectfully requests that this Court enter judgment in its favor, and against [Owner], for the sum of $4,900.00, together with interest at the legal rate (including prejudgment interest), award it reasonable attorneys' fees and costs incurred in bringing this action, and grant such other and further relief as the Court deems just and proper.

When Contractor's attorney communicated on the day of trial its intent to seek attorney fees pursuant to the act, the court granted Owner a one-week continuance. At trial, Owner argued that attorney fees under the act were not appropriate in this case. The trial court issued judgment in favor of Contractor in the amount of $4,900, plus attorney fees of $10,567.04.

After disposition by the court of appeals, this Court granted transfer.[2]

## II. Analysis

■ Owner claims that the trial court erred in awarding attorney fees to Contractor because its petition made no mention of the act, nor did it set forth any basis that might allow Contractor to recover its attorney fees. The only mention of attorney fees was a specific request in the prayers following each count.

■ It is a question of law whether the award of attorney fees under the act was proper because the petition did not specifically mention the statute. *See Roller v. Steelman,* 297 S.W.3d 128, 131 (Mo. App.2009). This issue is given de novo review. *Id.*

■ The general rule in Missouri is that attorney fees are not awarded to every successful litigant. *Harris v. Union Elec. Co.,* 766 S.W.2d 80, 89 (Mo. banc 1989). Attorney fees are recoverable in two situations: when a statute specifically authorizes recovery and when the contract provides for attorney fees. *Essex Contracting, Inc. v. Jefferson Cnty.,* 277 S.W.3d 647, 657 (Mo. banc 2009). There was no provision for attorney fees in the contract between Contractor and Owner. Although Contractor's request for attorney fees was premised on the statutory authorization in the act, the parties disagree whether the request was pleaded properly.

The act provides that "[a]ll persons who enter into a contract for private design or construction work ... shall make all scheduled payments pursuant to the terms of the contract." Section 431.180.1. Any person who fails to make such payments may be subject to an action under this

2. Jurisdiction is vested in this Court pursuant to article V, section 10 of the Missouri Constitution.

statute. Section 431.180.2. In resolving the action, "[t]he court may[,] in addition to any other award for damages, ... [award] reasonable attorney fees [ ] to the prevailing party."[3] *Id.*

Although the issue in this case is one of first impression, *Vance Brothers, Inc. v. Obermiller Construction Services, Inc.,* 181 S.W.3d 562 (Mo. banc 2006), discussed the pleading requirements of the act. *Vance* concluded that there are two requirements for pleading a violation of the act: (1) the parties entered into a private construction contract; and (2) one or more payments were not made pursuant to the contract. *Id.* at 564.

Contractor pleaded these two requirements. The petition alleged that Contractor entered into a contract with Owner and that Owner made two payments for the work but a balance of $4,900 remained. In addition to requesting a judgment of $4,900 with interest, Contractor requested reasonable attorney fees in

the prayer. The act does not require specific reference to the statute in the petition as a requirement to seek the relief it affords.[4] Instead, a court may award any relief the statute provides, including attorney fees, as long as the party has pleaded the necessary elements of the act and has requested that relief in the prayer.[5]

By alleging in the petition all of the elements necessary to bring a claim under the act, Contractor met the pleading requirements of the statute, such that a specific request for "reasonable attorneys' fees" in the prayer may be granted. The trial court's award for attorney fees pursuant to the act was proper.

### III. Conclusion

The judgment is affirmed.

All concur.

---

3. Prompt payment acts like the act "promote [ ] timely payment of contractors, subcontractors, and suppliers." *See Jerry Bennett Masonry, Inc. v. Crossland Constr. Co.,* 171 S.W.3d 81, 89 (Mo.App.2005) (construing the Prompt Payment Act, which governs public contracts). Absent this fee-shifting mechanism, the party who requested the work to be done would be able to avoid payment by delaying litigation indefinitely without consequence.

4. If the legislature intends the party to reference the statute specifically, it says so. *See, e.g.,* section 290.140 (requiring a former employee of a corporation to reference the statute specifically in correspondence when requesting a service letter from the corporation).

5. Owner argues that attorney fees are special damages that must be pleaded specifically. *See Miller v. Higgins,* 452 S.W.2d 121, 125 (Mo.1970); Rule 55.19. He cites *Conley v. Rauschenbach,* 863 S.W.2d 617 (Mo.App. 1993), and *Washington University v. Royal*

*Crown Bottling Co.,* 801 S.W.2d 458 (Mo.App. 1990), to support his contention. In both cases, the award of attorney fees was reversed because fees were not specifically pleaded. However, both cases are distinguishable from the facts here. In *Conley,* there was no request for attorney fees in the pleadings or prayers. 863 S.W.2d at 620. And in *Washington,* although the party seeking attorney fees had alleged facts in the body of the petition giving rise to the claim for attorney fees, there was no mention of attorney fees in the prayer. 801 S.W.2d at 468. Here, the prayer specifically requested attorney fees.

Owner also cites to *Buckner v. Burnett,* 908 S.W.2d 908 (Mo.App.1995), for the proposition that the prayer is not considered part of the petition. The petition in *Burnett* failed to allege the necessary elements to plead a purposeful violation of the sunshine law, despite the prayer seeking attorney fees. *Id.* at 911–12. This case is distinguishable because Owner's petition correctly pleaded the elements of an act violation in the body of the petition.