Jennifer A. HANNA, Appellant,

v.

Michael A. HANNA, Respondent.

WD 76868 Consolidated with WD 76951

Missouri Court of Appeals, Western District.

Filed: November 4, 2014

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

David G. Watkins, Amy L. Luck, Kansas City, MO, for appellant.

Douglas Harris, Warrensburg, MO, Charles J. Dykhouse, Columbia, MO, for respondent.

Before Division One: Thomas H. Newton, Presiding Judge, Lisa White Hardwick and Anthony R. Gabbert, Judges

LISA WHITE HARDWICK, Judge

Jennifer Hanna ("Wife") appeals from the circuit court's judgment dissolving her marriage to Michael Hanna ("Husband"). She raises ten points on appeal. In Points I through VII, she challenges the court's interpretation of the parties' prenuptial agreement and its classification of property pursuant to that agreement. She appeals the court's denial of her request for maintenance in Point VIII and the denial of her request to restore her maiden name in Point IX. Lastly, in Point X, she challenges the court's entry of an amended judgment after it lost its authority to do so.

Wife's Points IX and X are meritorious, and Point IX requires a modification of the judgment. Her remaining points lack merit, however, and a formal, published discussion addressing those points would serve no jurisprudential purpose. Accordingly, we affirm the circuit court's judgment as to Points I through VIII by summary order pursuant to Rule 84.16(b). A

memorandum explaining the reasons for our decision on those points has been provided to the parties. This opinion addresses only Wife's Points IX and X.

## FACTUAL AND PROCEDURAL HISTORY

The facts necessary to the disposition of Points IX and X are that Husband and Wife were married on December 5, 1997. Wife filed her petition for dissolution of marriage in November 2010. In her petition, Wife asked the court to divide their property equitably, award her maintenance and attorney's fees, and restore her maiden name to her. Husband filed an amended answer and counter-petition.

Trial was held on Wife's petition and Husband's counter-petition in February and March 2013. The court entered its judgment in May 2013. In the judgment, the court divided and classified the parties' property pursuant to the parties' prenuptial agreement and denied Wife's claims for maintenance and attorney's fees.

Wife filed a motion to amend the judgment or, in the alternative, for a new trial. Ninety-one days after Wife filed her motion to amend, the court entered an amended judgment. Wife filed notices of appeal as to both the original judgment and the amended judgment. We consolidated the appeals.

## ANALYSIS

### *Validity of Amended Judgment*

■ The first point we will address is Wife's Point X, as it concerns which judgment is properly before us on appeal. In this point, Wife contends the circuit court erred in entering an amended judgment because it was without jurisdiction to do so. She argues that, because the amended judgment was a nullity, the judgment that we should review is the court's original judgment.

The court entered its original judgment on May 14, 2013. Wife filed a motion to amend the judgment on June 13, 2013. Ninety-one days later, on September 11, 2013, the court entered its amended judgment.

■ A motion to amend, if filed within thirty days after judgment is entered, is an authorized after-trial motion that extends the circuit court's control over its judgment for up to 90 days from the date the motion was filed. Rules 78.04 and 81.05(a)(2)(A); *Medlin v. RLC, Inc.,* 423 S.W.3d 276, 283 (Mo.App.2014). If the court fails to rule on the motion to amend within the 90–day period, the motion is deemed overruled by operation of law. Rules 78.06 and 81.05(a)(2)(A). The judgment becomes final for purpose of appeal on the ninetieth day, at which time the court is divested of jurisdiction and loses its authority over the judgment. *See Spicer v. Donald N. Spicer Revocable Living Trust,* 336 S.W.3d 466, 469 (Mo. banc 2011). An amended judgment entered after the expiration of the 90–day period is a nullity. *Adkins v. Hontz,* 337 S.W.3d 711, 716 n.3 (Mo.App.2011).

Husband contends that the 90–day time limit of Rule 78.06 does not apply in this case because the court's original judgment was not a final judgment. In *Gipson v. Fox,* 248 S.W.3d 641, 643–44 (Mo.App. 2008), the court ruled that the time limits of Rule 78.06 did not apply because there was no final judgment, given that the court failed to address all of the issues and left issues pending. Here, Husband argues that the original judgment was not final because it did not address Wife's request to restore her maiden name. Relying on *Alliett & Williams v. Tri–City Constr. Co.,* 694 S.W.2d 287, 288 (Mo.App.1985), Husband asserts that the court's silence in the original judgment on Wife's request to restore her maiden name cannot be inter-

preted as a disposition of that issue; therefore, the issue remained pending following the court's entry of its original judgment.

The court's original judgment was not silent on Wife's request to restore her maiden name. While it did not specifically refer to Wife's claim in her petition to restore her maiden name, the original judgment provided, "All other claims for relief not specifically granted are denied." Wife's request to restore her maiden name was a claim that was not specifically granted. Thus, pursuant to this provision, it was denied. The original judgment disposed of all of the issues in the case and was a final judgment.

 Because the amended judgment was entered after the expiration of the 90–day period, it was a nullity.[1] The only valid judgment was the May 14, 2013 original judgment. This is the judgment we will review. Point X is granted.

### *Restoration of Maiden Name*

 In Point IX, Wife contends the court erred in denying her request to restore her maiden name. We agree. Where there is no evidence that the name

change would be detrimental to anyone, the circuit court's denial of a restoration of maiden name request is error. *Neal v. Neal,* 941 S.W.2d 501, 503 (Mo. banc 1997); *King v. King,* 66 S.W.3d 28, 40 (Mo.App. 2001). Point IX is granted. The portion of the judgment denying Wife's request to restore her maiden name is reversed. We need not remand this matter to the circuit court, as Rule 84.14 affords us discretion to "give such judgment as the court ought to give." Therefore, the judgment is modified to restore Wife's maiden name of Hinton to her.

#### CONCLUSION

The judgment, as modified, is affirmed. A memorandum explaining our reasons for denying the points not covered by this opinion has been provided to the parties pursuant to Rule 84.16(b).

All Concur.

1. Husband asserts that, even if we find, as we have, that the original judgment was a final judgment, the court could properly amend it under Rule 74.06(a). Rule 74.06(a) allows the court to correct clerical mistakes in judgments "arising from oversight or omission" at any time. "An order *nunc pro tunc* merely causes 'the record to conform to the true judicial determination of the parties' rights' by correcting a clerical error." *Johnson v. Brown,* 154 S.W.3d 448, 452 (Mo.App.2005) (quoting *Pirtle v. Cook,* 956 S.W.2d 235, 243 (Mo. banc 1997)). " 'Clerical errors do not include judicial errors,' " however, and Rule 74.06(a) " 'may not be used to enter a judgment different from that judgment actually

made[,] even if the judgment made was not the judgment intended.' " *Id.* (citation omitted). While the court stated in the hearing on Wife's motion to amend that its failure to grant her request to restore her maiden name was an oversight, the amended judgment, which granted her request, entered a judgment that was different from the original judgment, which had denied her request. Moreover, the amended judgment added new findings of fact on several other issues. Because the amended judgment attempted to correct judicial errors, not clerical errors, Rule 74.06(a) provided no authority for its entry.