

# In the
# Missouri Court of Appeals
# Western District

ETHAN CUPIT, ET AL.,

                Appellant-Respondents,

v.

DRY BASEMENT, INC.,

                Respondent-Appellant.

**WD82683 and WD82699**

**OPINION FILED:**

**January 28, 2020**

---

Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Charles H. McKenzie, Judge

Before Division One:
Thomas N. Chapman, P.J., Mark D. Pfeiffer, and Anthony Rex Gabbert, JJ.

Dry Basement and Ethan and Ruth Cupit cross-appeal the trial court's December 27, 2018, "Final Judgment." Rules 81.04(c) and 84.04(i). Dry Basement's appeal (WD82683) and the Cupits' appeal (WD82699) were consolidated. Dry Basement raises one point on appeal, and the Cupits raise two. The judgment is affirmed.

## Background

On November 11, 2016, the Cupits filed a petition for damages asserting multiple claims against Dry Basement, Inc. relating to Dry Basement's sale and installation of a "No Water System," a basement sealing system to prevent water from entering the basement in the Cupits'

home. One of the claims asserted was violation of the Missouri Merchandising Practices Act (MMPA). As part of that claim, the Cupits requested attorney's fees.

A jury trial was held on the MMPA claim from May 30 to June 4, 2018, and the jury returned a verdict in favor of the Cupits and assessed compensatory damages of $1,500. Thereafter, on June 13, 2018, the trial court entered a "Judgment" in accordance with the verdict plus costs. The June 13 "Judgment" did not address the Cupits' request for attorney's fees.

On July 11, 2018, the Cupits filed a motion to amend the judgment to include their attorney's fees, costs, and post-judgment interest. The Cupits' motion requested an award of attorney's fees in the amount of $75,446, and included affidavits of trial counsel attesting to the number of hours expended and their hourly rate. On August 14, 2018, Dry Basement filed suggestions in opposition to the Cupits' motion, which argued, among other things, that the number of hours and the hourly rates calculated by Cupits' counsel were excessive. On August 21, 2018, the Cupits filed a reply in support of their motion. A hearing was held on the motion on September 12, 2018.[1]

On November 6, 2018, Dry Basement filed an application for satisfaction of judgment. It claimed that since more than ninety days had passed since the Cupits filed their motion to amend the judgment and the motion had not been ruled on, the motion was deemed overruled on October 9, 2018, under Rule 78.06, and the June 13, 2018 "Judgment" was a final judgment. It further claimed that it had forwarded a check to the Cupits' attorney in the amount of $2,200, which exceeded the amount of the judgment, interest, and costs, but that the Cupits failed and

---

[1] No transcript has been included in the record on appeal. The docket entry and orders do not reflect whether evidence was adduced at the September 12, 2018, hearing.

2

refused to satisfy the judgment. The Cupits filed suggestions in opposition to Dry Basement's application on November 12, 2018.

On December 19, 2018, the Cupits filed a supplemental motion for attorney's fees with suggestions. They requested that their original motion seeking attorney's fees, costs, and post judgment interest be granted and that they be awarded supplemental attorney's fees (in the amount of $13,867.50) incurred in responding to Dry Basement's application for satisfaction of judgment. On December 19, 2018, the Cupits also filed a request for findings of fact and conclusions of law.

On December 27, 2018, the trial court entered a "Final Judgment." It found that it had jurisdiction to enter the final judgment because it had not adjudicated all claims when it rendered the original judgment, in that it had not addressed the request for attorney's fees sought by the Cupits in their petition. Therefore, the trial court entered the December 27, 2018 "Final Judgment" in favor of the Cupits and against Dry Basement on the MMPA claim and awarded them $1,500 in compensatory damages in accordance with the jury verdict. It further awarded the Cupits $57,775 in attorney's fees and $346.40 in costs plus post-judgment interest. On the same day, the trial court entered three additional orders: one denying the Cupits' request for findings of fact and conclusions of law, another denying the Cupits' supplemental motion for attorney's fees, and a third order denying Dry Basement's application for satisfaction of judgment.

On January 25, 2019, Dry Basement filed a motion for new trial or, in the alternative, judgment notwithstanding the verdict. The trial court denied the motion on March 18, 2019.

3

Dry Basement filed its notice of appeal in the trial court on March 26, 2019; the Cupits filed their notice of appeal on April 4, 2019; and the appeals were consolidated.[2]

Meanwhile, on January 11, 2019, the Cupits filed in this court a contingent motion for special order permitting late filing of notice of appeal (WD82448). They asserted that they filed such motion to preserve their right to ask for a special order allowing them to file a notice of appeal out of time if this court determines that the trial court's June 13, 2018, "Judgment" was the final judgment in the case. After the notices of appeal were filed in the instant case, this court withheld ruling on the contingent motion for late notice of appeal until resolution of the instant case. It also directed the parties to address issues surrounding the timeliness of the filing of the notices of appeal in their briefs in this case.

### Final Judgment and Timeliness of Notices of Appeal

In Dry Basement's sole point on appeal, it contends that the trial court erred in entering the December 27, 2018 "Final Judgment." It asserts that the trial court was without jurisdiction to do so because its jurisdiction in the case ended on October 9, 2018, the date the last after-trial motion was deemed overruled per Rule 78.06 and Rule 81.05(a)(2)(A), ninety days after it was filed and not ruled upon.

In the Cupits' second point on appeal, they address, at this court's direction, the timeliness of the notices of appeal in this case and WD82699. They assert that Dry Basement's notice of appeal filed on March 26, 2018, and their notice of appeal filed on April 4, 2018, in this case were timely. In the alternative, they contend that, if this court determines that the trial court's June 13, 2018 "Judgment," and not its December 27, 2018 "Final Judgment," was the

---

[2] Pursuant to Rule 84.04(i), the Cupits, as plaintiffs in the court below, are deemed the appellants and Dry Basement, the defendant below, is the respondent for purposes of briefing the cross-appeal.

final judgment in this case, they have met the requirements of Rule 81.07(a) allowing this court to issue a special order permitting a late filing of the notice of appeal from the June 13 "Judgment."

"A final judgment is a prerequisite to appellate review." *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012). If the trial court's judgment was not a final judgment, then the appellate court lacks jurisdiction, and the appeal must be dismissed. *Id.*; *Flower Valley, LLC v. Zimmerman*, 575 S.W.3d 497, 501 (Mo. App. E.D. 2019). Rule 74.01(a) defines a "judgment" as "a decree and any order from which an appeal lies." It further states, "A judgment is rendered when entered." *Id.* "A final judgment 'resolves all issues in a case, leaving nothing for future determination.'" *Ndegwa*, 371 S.W.3d at 801 (quoting *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997)). *See also Flower Valley*, 575 S.W.3d at 501 ("Generally, an appeal may only be taken from a final judgment, which is one that disposes of all claims and all parties involved in a case.").[3]

"An unresolved claim for attorney's fees can arrest the finality of a judgment…." *Ruby v. Troupe*, 580 S.W.3d 112, 114 (Mo. App. W.D. 2019) (emphasis omitted) (citing *State ex rel. Kinder v. Dandurand*, 261 S.W.3d 667, 671 (Mo. App. W.D. 2008); *Jones v. Housing Auth. Of Kansas City*, 118 S.W.3d 669, 675 (Mo. App. W.D. 2003); *L.R. Oth, Inc. v. Albritton*, 90 S.W.3d 242, 243 (Mo. App. S.D. 2002); *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo. App. E.D. 2000)). *See also Fid. Real Estate Co. v. Norman*, 586 S.W.3d

---

[3] Rule 74.01(b) provides an exception to the final judgment rule. *Ndegwa*, 371 S.W.3d at 801. It allows the trial court to "enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Rule 74.01(b). In the absence of an express determination by the trial court, a decision is not final if it does not resolve all claims. Rule 74.01(b); *Magee v. Brown*, 179 S.W.3d 373, 374 (Mo. App. W.D. 2005). The trial court did not make an express determination under Rule 74.01(b) here.

5

873, 879 (Mo. App. W.D. 2019); *Maly Commercial Realty, Inc. v. Maher*, 582 S.W.3d 905, 910 (Mo. App. W.D. 2019). If a request for attorney's fees is properly pleaded and pursued at or after trial, the trial court must resolve or dispose of the issue before a judgment can be deemed final. *Norman*, 586 S.W.3d at 879.

"To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief." *Ruby*, 580 S.W.3d at 115. "'Attorney fees are recoverable in two situations: when a statute specifically authorizes recovery and when the contract provides for attorney fees.'" *Id.* (quoting *Lucas Stucco & EIFS Design, LLC v. Landau*, 324 S.W.3d 444, 446 (Mo. banc 2010)). "Another exception is that attorney's fees may, on rare occasions, be recovered when a court of equity finds it necessary to balance benefits where very unusual circumstances have been shown." *Id.* at 115 n.2 (internal quotes and citation omitted). The first situation applies in this case.

The MMPA authorizes a private, civil action for unlawful merchandising practices. § 407.025, RSMo 2016; *Lauria v. Wright*, 805 S.W.2d 344, 346 (Mo. App. E.D. 1991). Specifically, the act provides that

> [a]ny person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action…to recover actual damages.

§ 407.025. The following is declared an unlawful practice in section 407.020:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

In resolving the action, "[t]he court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper." § 407.025.

"[A] court may award any relief [a] statute provides, including attorney fees, as long as the party has pleaded the necessary elements of the act and has requested that relief in the prayer." *Lucas Stucco*, 324 S.W.3d at 446. To plead a violation of the MMPA, the plaintiff must plead that he or she (1) purchased merchandise (which includes services) from the defendant, (2) for personal, family, or household purposes, and (3) suffered an ascertainable loss of money or property, (4) as a result of an act declared unlawful by section 407.020. *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 308, 311 (Mo. App. E.D. 2016).

The Cupits pleaded the necessary elements for a violation of the MMPA. Their petition alleged they purchased a "No Water System" from Dry Basement for personal, family, or household purposes. It further alleged that they suffered an ascertainable loss of money and/or property as a result of Dry Basement's misrepresentations concerning its expertise and skill in meeting industry standards in construction and/or basement seal and repair. The Cupits' petition alleged that such misrepresentations by Dry Basement amounted to the act, use, or employment of deception, fraud, false pretense, a false promise, misrepresentation, and/or unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale of any merchandise in trade or commerce. The petition sought reasonable attorney's fees in the prayer for relief for the MMPA claim. By alleging in the body of the petition all of the elements necessary to bring a claim under the MMPA and by also requesting attorney's fees (relief for which the statute provides) in the prayer, the Cupits properly pleaded a basis for an award of attorney's fees. *See Lucas Stucco*, 324 S.W.3d at 446 (where the plaintiff alleged in the petition

7

all of elements necessary to bring a claim under the Private Prompt Payment Act, section 431.180, and specifically requested reasonable attorney's fees in the prayer, the trial court's award of attorney's fees pursuant to the act was proper).

In addition to pleading a basis for an award of attorney's fees, the Cupits continued to pursue attorney's fees through their post-trial motion. Because the attorney's fees issue was properly pleaded and pursued, the trial court was required to resolve the issue before any judgment could be deemed final. *See Norman*, 586 S.W.3d at 879 (where a landlord pleaded that the lease provides that tenants may be liable for the landlord's attorney's fees and sought reasonable attorney's fees in the prayer for relief, the issue of attorney's fees required resolution before the judgment could be deemed final). The trial court's June 13, 2018 "Judgment" did not address the Cupits' request for attorney's fees under the MMPA. It, therefore, did not dispose of all of the issues and was not a final judgment.

Dry Basement contends that the June 13 "Judgment" became final and the trial court's jurisdiction in the case ceased on October 9, when the Cupits' motion to amend judgment for attorney's fees, costs, and post-judgment interest was deemed overruled under Rule 78.06.

Rule 75.01 provides, in pertinent part, "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." *See also Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468 (Mo. banc 2011). After the expiration of the thirty-day period provided by Rule 75.01, the trial court is divested of jurisdiction in the case unless a party timely files an authorized after-trial motion. *Spicer*, 336 S.W.3d at 468-69.

A timely filed authorized after-trial motion extends a trial court's jurisdiction for up to ninety days after the filing of the motion. *Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389, 393 (Mo. banc 2018). A motion to amend the judgment is an authorized after-trial motion. *Id.* If the trial court fails to rule on the after-trial motion within the ninety-day period, the motion is deemed overruled by operation of law. Rule 78.06;[4] *Hanna v. Hanna*, 446 S.W.3d 753, 755 (Mo. App. W.D. 2014). At the expiration of the ninety-day period, the trial court is divested of jurisdiction and loses its authority over the judgment. *Hanna*, 446 S.W.3d at 755 (citing *Spicer*, 336 S.W.3d at 469).

Where a judgment in question is not final, however, Rule 75.01 does not apply, and the trial court retains jurisdiction to enter a final judgment. *Spicer*, 336 S.W.3d at 469; *Williams v. Williams*, 41 S.W.3d 877, 878 (Mo. banc 2001); *Long v. Long*, 469 S.W.3d 10, 15 (Mo. App. W.D. 2015). Likewise, the time limit of Rule 78.06 does not apply when the judgment in question is not final. *Gipson v. Fox*, 248 S.W.3d 641, 644 (Mo. App. E.D. 2008); *Mullenix v. Brucker*, 692 S.W.2d 8, 10 (Mo. App. E.D. 1985). "In other words, unless an appeal lies from a decree or order *when it is entered*, the decree or order is not a 'judgment' as defined in Rule 74.01(a), and is not a 'judgment' as to which Rules 75.01 and [78.06] apply." *Long*, 469 S.W.3d at 16.

Because, as discussed above, the trial court's June 13, 2018 "Judgment" did not dispose of the attorney's fees issue and left the issue pending, an appeal did not lie from that "Judgment" when it was entered. Therefore, it was not a judgment as defined in Rule 74.01(a), and Rule

---

[4] Rule 78.06 provides, in pertinent part, "Any motion for new trial, motion to amend the judgment or opinion, or motion for judgment notwithstanding the verdict is overruled for all purposes if the trial court does not rule on it within ninety days after the date the last such timely motion is filed."

9

78.06 did not apply and did not operate to divest the trial court of jurisdiction of the case on October 9, 2018, ninety days after the Cupits filed their motion to amend. Instead, the trial court retained jurisdiction to dispose of the remaining attorney's fees issue and did so in its December 27, 2018 "Final Judgment." The December 27, 2018 "Final Judgment" was the final judgment in this case. Dry Basement's point on appeal is denied.

The next issue is whether the parties filed timely notices of appeal. "Timely filing of a notice of appeal is jurisdictional." *Spicer*, 336 S.W.3d at 471. Rule 81.04(a) requires the notice of appeal to be filed "not later than ten days after the judgment, decree, or order appealed from becomes final." *See also* § 512.050, RSMo 2016. Rule 81.04(c) provides that if a timely notice of appeal is filed by a party, any other party may file a notice of cross-appeal within ten days of the date the first notice of appeal was filed.

Rule 81.05 addresses the finality of judgments for the purpose of ascertaining the time within which an appeal may be taken. If no after-trial motion is filed, a judgment becomes final at the expiration of thirty days after it was entered. Rule 81.05(a)(1). If a party files an authorized after-trial motion,

> the judgment becomes final at the earlier of the following:
> (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
> (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

Rule 81.05(a)(2).

On January 25, 2019, Dry Basement filed a motion for new trial or, in the alternative, judgment notwithstanding the verdict. The trial court denied the motion on March 18, 2019, and the judgment became final for purposes of appeal that day. Rule 81.05(a)(2)(B). Dry Basement filed its notice of appeal on March 26, 2019, within the ten-day window. The Cupits filed their

10

notice of appeal on April 4, 2019, within ten days of Dry Basement's notice of appeal. Dry Basement's and the Cupits' notices of appeal were timely filed under the rules. Because this court has determined that the December 27, 2018 "Final Judgment" was the final judgment in this case and that the parties' notices of appeal from that judgment were timely filed, it need not decide whether the Cupits met the requirements of Rule 81.07(a) for this court to issue a special order permitting a late filing of a notice of appeal from June 13 "Judgment" in WD82448.

### Attorney's Fees

In the Cupits' first point on appeal, they contend that "[t]he trial court erred in denying [their] supplimental (sic) motion for attorney's fees seeking attorneys' fees because prevailing parties are entitled to receive their attorneys (sic) fees for defending a judgment" and that in doing so the trial court misapplied the law.

An appellate court reviews the trial court's award of attorney's fees for an abuse of discretion. *Berry v. Volkswagen Group of Am., Inc.*, 397 S.W.3d 425, 430 (Mo. banc 2013). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.* at 431 (internal quotes and citation omitted). The trial court is deemed an expert at fashioning an attorney's fees award because it tries the case and is acquainted with all of the issues. *Id.* at 430-31; *Essex Contracting, Inc. v. Jefferson Co.*, 277 S.W.3d 647, 656 (Mo. banc 2009). In the absence of a contrary showing, the trial court is presumed to know the character of services rendered in duration, zeal, and ability and the value of them according to custom, place, and circumstance. *Essex Contracting*, 277 S.W.3d at 656. An award of attorney's fees is presumed to be correct, and the complaining party has the burden to prove otherwise. *Hill v. City of St. Louis*, 371 S.W.3d 66, 81 (Mo. App. E.D. 2012)).

11

In Missouri, attorney's fees are generally not awarded to every successful litigant. *Berry*, 397 S.W.3d at 431; *Lucas Stucco*, 324 S.W.3d at 445. Attorney's fees may be awarded, however, when a statute specifically authorizes them or a contract provides for them. *Id.*

The MMPA authorizes recovery of attorney's fees in a private civil action. § 407.025.1. Specifically, the statute provides, "The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary and proper." *Id.* "These remedial measures are designed not only to remedy violations of the MMPA, but also prospectively to deter prohibited conduct and protect Missouri citizens." *Berry*, 397 S.W.3d at 433. While the trial court has discretion to award reasonable attorney's fees, it may consider the following factors in determining the reasonable value and amount of statutorily authorized fees:

> 1) the rates customarily charged by the attorneys involved in the case and by other attorneys in the community for similar services; 2) the number of hours reasonably expended on the litigation; 3) the nature and character of the services rendered; 4) the degree of professional ability required; 5) the nature and importance of the subject matter; 6) the amount involved or the result obtained; and 7) the vigor of the opposition.

*Id.* at 431.

In their point on appeal, the Cupits do not argue that the trial court's award of attorney's fees was an abuse of discretion or unreasonable. Instead, they argue that the trial court misapplied the law in failing to award attorney's fees expended on post-trial briefing. They assert that the trial court's separate order denying their supplemental motion for attorney's fees indicated that the trial court did not believe they were entitled to attorney's fees under section 407.025.1 for work done post-trial to preserve their verdict. The trial court's rulings on attorney's fees, however, do not support the Cupits' assertion. The trial court did not make

findings of fact and conclusions of law regarding attorney's fees in this case, and overruled the Cupits' belated request regarding same.[5] In its judgment the trial court did not designate how it calculated the fees, and did not indicate that it could not award fees for the post-trial efforts of Cupits' trial counsel. Nor did it indicate that it had not considered those efforts when making its award in the judgment and in denying their supplemental motion (entered together on the same day). Because the judgment does not support the Cupits' assertion that the trial court denied attorney's fees for post-trial work based on the misapprehension that it could not award such fees, this court will not express an opinion on such assertion.[6]

Where a party does not request specific findings of fact or conclusions of law, the trial court is presumed to have made its findings in accordance with the result reached. Rule 73.01; *In re Williams*, 573 S.W.3d 106, 118 (Mo. App. W.D. 2019); *Kamler v. Kamler*, 213 S.W.3d 185, 187 (Mo. App. E.D. 2007); *Hibbs v. Jeep Corp.*, 666 S.W.2d 792, 800 (Mo. App. W.D. 1984). The judgment will be affirmed under any reasonable theory supported by the evidence. *Williams*, 573 S.W.3d at 118; *Burg v. Dampier*, 346 S.W.3d 343, 359 (Mo. App. W.D. 2011).

---

[5] The trial court docket entries included in the record on appeal indicate the Cupits made their request for findings of fact and conclusions of law on December 19, 2018 (203 days after the jury trial commenced, and 99 days after the September 12, 2018 hearing that addressed attorney's fees). Rule 73.01(c) provides that "[a]ny request for an opinion or findings of fact shall be made on the record before the introduction of evidence at trial or at such later time as the court may allow." The motion requesting findings of fact and conclusions of law and the order denying same are not included in the record on appeal. Furthermore, the Cupits do not raise a point on appeal regarding the denial of the request for findings of fact and conclusions of law.

[6] *See Shiplet v. Copeland*, 450 S.W.3d 433, 440 n.10 (Mo. App. W.D. 2014) (This court did not address appellant's argument that trial court erred in denying attorney's fees based solely on appellant's failure to offer evidence of fees at trial where trial court did not make such conclusion but expressly stated its ruling in terms of its exercise of discretion.). *Cf. Ostermeier v. Prime Props. Invs. Inc.*, No. WD82432, 2019 WL 6703855 (Mo. App. W.D. Dec. 10, 2019), and *Selleck v. Keith M. Evans Ins., Inc.*, 535 S.W.3d 779 (Mo. App. E.D. 2017) (Where trial courts expressly referred to appellants' Legal Aid/pro bono representation and appellant's contingent-fee arrangement with attorneys, respectively, in awarding attorney's fees, appellate courts considered appellants' arguments that the trial courts misapplied the law set forth in section 407.025.1 in setting attorney's fees based primarily on those stated factors.).

The Cupits requested a total award of $89,313.50 in attorney's fees in their two motions ($75,446 in their motion to amend judgment and $13,867.50 in their supplemental motion). The trial court ruled on both motions the same day, December 27, 2018, entering "Final Judgment" awarding the Cupits $57,775 in attorney's fees and denying the supplemental motion for attorney's fees. The Cupits attached affidavits and detailed invoices from their attorneys to their motions. Dry Basement contested the charges, and the trial court conducted a hearing to consider them. Such evidence, argument, and the trial court's own observations allowed it the opportunity assess the rates, hours reasonably expended, and the nature and difficulty of the services rendered in the entire case. The trial court presided over the entire case and was familiar with all of the issues and conduct of the attorneys, when it entered its judgment and orders at the conclusion thereof. When the trial court made its rulings on attorney's fees, it had observed the efforts of Cupits' counsel throughout the litigation (including their post-trial work), and is presumed to have considered the factors set out in *Berry* in entering its judgment. *Williams*, 573 S.W.3d at 118; *Kamler*, 213 S.W.3d at 187. The trial court's attorney's fees award was not against the logic of the circumstances or so arbitrary and unreasonable as to shock one's sense of justice. *Berry*, 397 S.W.3d at 431. The trial court did not abuse its discretion in making its attorney's fee award in the judgment and in simultaneously denying the Cupits' supplemental motion for attorney's fees. The Cupits' first point is denied.

### Attorney's Fees on Appeal

Before submission of this case, the Cupits filed a motion with this court for attorney's fees on appeal, which was taken with the case. As discussed above, the MMPA provides that "[t]he court may award to the prevailing party attorney's fees, based on the amount of time reasonably expended." § 407.025. "Clearly, this reflects the MMPA's objective of protecting

14

consumers and serving as a deterrent to fraudulent and deceptive merchandising practices." *Berry*, 397 S.W.3d at 433. Accordingly, refusing to compensate an attorney for the time reasonably spent on appellate work defending a judgment would be inconsistent with the intent of the legislature. *See Id.* The Cupits are the prevailing party in the case below and in Dry Basement's appeal.[7] Thus, their request for attorney's fees incurred in defending the judgment in Dry Basement's appeal is granted.

"While appellate courts have the authority to allow and fix the amount of attorney's fees on appeal, we exercise this power with caution, believing in most cases that the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee request." *Id.* (internal quotes and citation omitted). The case is remanded to the trial court to determine the Cupits' reasonable attorney's fees in connection with Dry Basement's appeal.

### Conclusion

The trial court's December 27, 2018 "Final Judgment" is affirmed. The case is remanded to the trial court to determine and to award to the Cupits reasonable attorney's fees in connection with Dry Basement's appeal.

/s/ *Thomas N. Chapman*
Thomas N. Chapman, Presiding Judge

All concur.

---

[7] The Cupits do not prevail in their cross-appeal and are not entitled to attorney's fees incurred in bringing their cross-appeal.